■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL SIERRA, Also Known as LUIS COTO, Appellant.—Judgment, Supreme Court, Bronx County (Joseph Mazur, J.), rendered June 20, 1989, convicting defendant, after a jury trial, of burglary in the second degree, criminal possession of stolen property in the fifth degree, and criminal mischief in the fourth degree, and sentencing him as a persistent violent felony offender to an indeterminate prison term of from 15 years to life for the burglary count, to run concurrently with

two one year prison terms on the remaining counts, unanimously affirmed.

After an alarm sounded on the second floor of 2406 Walton Avenue, a witness carrying groceries to his fourth floor apartment observed defendant and an accomplice descending the stairway from the second floor. On his third trip to his apartment, the witness saw the same men depart the stairwell on the second floor. A police officer arrived and observed the suspects, who were later identified by the witness, leaving a second floor apartment with stolen goods. The officer chased them to the roof where they attempted to flee by use of the fire escapes. Defendant testified that he was never in the apartment, but was shooting up with drugs on the roof when the police arrived.

Defendant contends that the court erred in failing to charge the jury on identification and alibi. These claims have not been preserved as a matter of law, and we decline to reach them (CPL 470.05 [2]; *People v Hall,* 168 AD2d 283). In any case, reversal would not be warranted since the court instructed the jury that the People had the burden of proving each of the elements of the crime beyond a reasonable doubt, and in doing so, specifically referred to the defendant *(see, People v Carr,* 165 AD2d 741).

Furthermore, the sentencing minutes do not bear out defendant's claim that the court imposed an excessive sentence because of defendant's refusal to plead guilty to a pending, unrelated charge. Defendant's past lenient sentences have failed to deter him from criminal activity. Concur—Murphy, P. J., Milonas, Ross and Rubin, JJ.