■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFREDO PENA, Appellant. [601 NYS2d 923] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered November 20, 1991, convicting defendant, after a jury trial, of robbery in the first degree and reckless endangerment in the first degree, and sentencing him, as a second felony offender, to consecutive terms of 12½ to 25 years and 3½ to 7 years, respectively, unanimously affirmed.

Defendant's contention that the court's charge diminished the People's burden of proof by including an expanded identification charge only as to the assault and reckless endangerment counts and not as to the robbery counts, and by instructing the jurors that their job was to determine "the truth", is unpreserved for appellate review as a matter of law, defendant having voiced no objections to the charge at trial (CPL 470.05). In any event, were we to review the argument in the interest of justice, we would find that while it was improper for the court to instruct the jurors that their job was to determine "the truth", this single, unobjected-to comment was harmless considering the thoroughness of the court's charge with respect to the concepts of reasonable doubt and the People's burden of proof, and did not constitute reversible error (People v Smith, 184 AD2d 326, lv denied 80 NY2d 910).

The charge, taken as a whole, made clear that defendant's identity as the robber had to be proven beyond a reasonable doubt. Although the court did not deliver an expanded identification charge as to the robbery counts of the indictment, it did instruct the jury that the People had the burden of proving each of the elements of the crimes charged beyond a reasonable doubt, and in doing so, specifically referred to defendant (People v Sierra, 173 AD2d 383, lv denied 78 NY2d 974).

Further, the overwhelming evidence of defendant's guilt— an unbroken chain of events culminating in his capture with the incriminating proceeds—militates against the likelihood that he would have been acquitted had it not been for this lone comment.

We are unpersuaded that defendant's sentence, amounting to 16 to 32 years of incarceration, is excessive. Although his convictions arose from acts committed in close temporal proximity, defendant committed two separate, distinct "acts" when he robbed one victim and then struck another with his car as he tried to escape. Penal Law § 70.25 (2) therefore does not apply and it was within the court's discretion to impose

consecutive maximum sentences. Concur—Rosenberger, J. P., Asch, Kassal and Rubin, JJ.