■ In the Matter of GILBERTO ILDEFONSO, Petitioner, v WILLIAM J. BRATTON, as Police Commissioner of the City of New York, et al., Respondents. [655 NYS2d 507] —Determination of respondent Police Commissioner dated November 6, 1995, which dismissed petitioner from his position as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Stanley Parness, J.], entered January 31, 1996), dismissed, without costs.

Substantial evidence supports the charge made in specification number six, that petitioner, in filing documents with the ASPCA, used a false name, badge number and precinct, and lied concerning the origin of the dog he brought there to avoid a potential unpleasantness concerning the fellow officer who owned and cared for this precinct mascot. Even if one were favorably disposed toward petitioner in connection with the other charges, the critical fact remains that petitioner lied with respect to matters of self-identification particularly important to police work and integrity. Giving the Commissioner's determination the "great leeway" it is entitled to in matters of police discipline and punishment, "because he, and not the courts, is accountable to the public for the integrity of the Department" (*Matter of Berenhaus v Ward*, 70 NY2d 436, 445), the penalty of dismissal does not shock our sense of fairness. Concur—Rosenberger, J. P., Rubin, Williams and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS ARROYO, Appellant. [655 NYS2d 947] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered February 16, 1995, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and unlawful possession of marihuana, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

Defendant has not preserved his present challenges to portions of the court's charge which made reference to the jury's function in determining truth and we decline to review them in the interest of justice. Were we to review them, we would find that the charge, taken as a whole, properly explained the People's burden of proving defendant's guilt beyond a reasonable doubt (*see, People v Brown*, 220 AD2d 250, *lv denied* 87 NY2d 898; *People v Pena*, 196 AD2d 753, *lv denied* 82 NY2d 900). Concur—Rosenberger, J. P., Rubin, Williams and Andrias, JJ.