■ In the Matter of SIMONE HARVARD, Petitioner, v BERNARD B. KERIK et al., Respondents. [736 NYS2d 864] —Determination of respondent Police Commissioner dated July 13, 2000, which dismissed petitioner from his position as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Paula Omansky, J.], entered on or about December 5, 2000), dismissed, without costs.

The testimony of two disinterested eyewitnesses that off-duty Police Officer Simons had a gun in his hand during an altercation with an off-duty correction officer outside a nightclub, together with the testimony of a responding police officer that he observed Simons and petitioner walking toward and then standing about the open doors of petitioner's car, constitute substantial evidence supporting respondent's determination. Respondent found, inter alia, that Simons was holding a gun, not a cell phone as he claimed, which he handed over to petitioner after the altercation to conceal his menacing misconduct, not before the altercation for safekeeping as petitioner falsely stated in official departmental interviews. Contrary to petitioner's position, the Hearing Officer's decision indicates that she found him "not guilty" of making any false statements regarding the presence of an unidentified male Hispanic officer. Giving respondent the "great leeway" to which he is entitled in matters of discipline (see, Matter of Ildefonso v

*Bratton*, 238 AD2d 142, *lv denied* 90 NY2d 810), the penalty of dismissal does not shock our sense of fairness. Concur— Ellerin, J.P., Lerner, Rubin, Buckley and Friedman, JJ.