Determination of respondent Commissioner, dated March 29, 2011, which terminated petitioner’s employment as a New York City police officer, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Robert E. Torres, J.], February 8, 2012), dismissed, without costs.
Substantial evidence supports the finding that petitioner submitted a false mortgage application (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). The evidence shows that the subject application falsely listed a company that petitioner did not work for as his sole source of income, and falsely listed a New Jersey address as his primary residence. There exists no basis to disturb the credibility determinations of the Hearing Officer (see Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]). Moreover, petitioner’s contention that he was subjected to discriminatory treatment is both unpreserved, as it was not raised in the petition, and unavailing.
The penalty of termination does not shock our sense of fairness, since respondent Commissioner “is accountable to the public for the integrity of the Department” (Matter of Kelly v *557 Safir, 96 NY2d 32, 38 [2001] [internal quotation marks omitted]). Concur — Tom, J.P., Mazzarelli, Saxe, Moskowitz and Manzanet-Daniels, JJ.