Matter of Artiles v Kelly (2018 NY Slip Op 01435)





Matter of Artiles v Kelly


2018 NY Slip Op 01435


Decided on March 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2018

Friedman, J.P., Tom, Webber, Kern, JJ.


5900 101575/13

[*1]In re Wilkyn Artiles, etc., Petitioner,
v
Raymond W. Kelly, etc., et al., Respondents.


Law Office of Ricardo A. Aguirre, Bronx (Ricardo A. Aguirre of counsel), for petitioner.
Zachary W. Carter, Corporation Counsel, New York (Susan P. Greenberg of counsel) respondents.



Determination of respondents, dated July 30, 2013, which affirmed the determination of the Assistant Deputy Commissioner of Trials dismissing petitioner from his position as a police officer, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Shlomo Hagler, J.], entered on or about September 22, 2014), dismissed, without costs.
Petitioner was terminated from his position as a police officer after he was found guilty of impersonating four individuals to file false complaints with the New York City Civilian Complaint Review Board (CCRB), and making a false report of police corruption to the police department's Internal Affairs Bureau (IAB).
Respondents' determination is supported by substantial evidence (see Matter of Berenhaus v Ward, 70 NY2d 436, 443 [1987]). It is undisputed that the CCRB complaints were fabricated, that they were sent from an IP address corresponding to petitioner's home, at a time when petitioner was off-duty, and that petitioner was angry due to a lost career opportunity. It is also undisputed that petitioner's IAB report was determined to be unsubstantiated after the alleged victim denied the allegations.
The determination was also in accord with due process, as it was made after a seven-day hearing, at which petitioner was represented by counsel and had the opportunity to present evidence and cross-examine witnesses, and at which 17 witnesses testified and 28 exhibits were introduced.
Petitioner objects that one box of evidence was lost and could not be produced, and that one proposed witness — a former police officer who moved to another state — refused to testify despite being served with a subpoena. However, this evidence related to a prior IAB investigation that was not the basis for the termination decision and was relevant only insofar as it gave petitioner a motive to make the false complaints. Additionally, petitioner's motive was corroborated by his own testimony, and by the testimony of several other police officers. Thus, petitioner's rights were not violated by the omission of this evidence (see Matter of Gordon v Brown, 84 NY2d 574, 578 [1994]; Matter of Miller v Schwartz, 72 NY2d 869, 870 [1988]; Matter of Pena v Hughes, 121 AD3d 550, 550 [1st Dept 2014]).
The record also does not support petitioner's contention that the hearing officer was biased against him (see Matter of Warder v Board of Regents of Univ. of State of N.Y., 53 NY2d 186, 197 [1981], cert denied 454 US 1125 [1981]).
The penalty of dismissal is not disproportionate to petitioner's serious misconduct so as to shock the conscience (see Matter of Kelly v Safir, 96 NY2d 32, 38 [2001]; see also Matter of Smith v Kelly, 117 AD3d 564, 565 [1st Dept 2014]; Matter of Kim v Kelly, 104 AD3d 556, 556 [1st Dept 2013]; Matter of Alvarez v Kelly, 2 AD3d 219, 220 [2003]; Matter of Ildefonso v Bratton, 238 AD2d 142, 142 [1st Dept 1997], lv denied 90 NY2d 810 [1997]). Moreover, "[i]n matters of police discipline, we must accord great leeway to the Commissioner's determinations [*2]concerning appropriate punishment, because he . . . is accountable to the public for the integrity of the Department" (Berenhaus, 70 NY2d at 445).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 6, 2018
CLERK