■ In the Matter of PAMELA J. JONES, Petitioner, v DAVID AXELROD, as Commissioner of Health for the State of New York, et al., Respondents.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent Commissioner of Health which denied petitioner's request to amend or expunge the record of a report of her alleged neglect in caring for a patient in a residential health care facility.

Petitioner, a nurse employed by the Chemung County Nursing Facility, was charged with having committed an act of patient neglect in connection with an incident where a patient fell from her bed to the floor while petitioner was giving her a bed bath. Pursuant to Public Health Law § 2803-d, the matter was investigated by a representative for respondent Department of Health, who determined that petitioner had been negligent by allowing the patient to fall out of her bed and in

picking her up without calling for assistance. A hearing was held and an Administrative Law Judge found that petitioner had not committed neglect in lifting the naked patient off the cold floor without calling for help, but that she had been neglectful in allowing the patient to fall from her bed. Respondent Commissioner of Health adopted those findings and denied petitioner's request to amend or expunge the record. Petitioner contends in this proceeding that the Commissioner's determination was not supported by substantial evidence in the record. We confirm.

Petitioner testified at her hearing that she had placed the patient in a bed, pulled up the handrail on the right side, and proceeded to administer a bed bath from the left side. She stated that when she turned around to put soap on the washcloth, the patient rolled to the left and fell off the bed. Two witnesses testified that petitioner was trained to leave one rail down when giving a patient a bed bath and that such was the normal procedure, even though the facility's patient safety handbook required that both handrails be up when the patients were in bed. However, there was also uncontradicted testimony that the patient here had a tendency to roll unexpectedly to the left. Petitioner testified that she was aware of this and had previously bathed the patient from the right side. This evidence was sufficient to support the determination that petitioner committed neglect in failing "to provide timely, consistent, safe, adequate and appropriate services, treatment, and/or care to a patient or resident" (10 NYCRR 81.1 [c]).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.