■ In the Matter of MONICA JONES, Petitioner, v DAVID AXELROD et al., Respondents.—Proceeding pursuant to CPLR article 78 to review an amended determination of the respondent Commissioner of the New York State Department of

Health, dated June 13, 1986, which, after a hearing, denied the petitioner's request to amend or expunge the record of a report of patient neglect, and directed that a civil penalty in the amount of $150 be assessed against her.

Adjudged that the amended determination is confirmed and the proceeding is dismissed on the merits, with costs.

The evidence at the hearing demonstrates that the petitioner, a nurse's aide employed by the Wedgewood Nursing Home, placed M. S., a "total care" patient, on the edge of her bed without restraints, in preparation for her transfer to a wheelchair. During the course of the transfer to the wheelchair, the petitioner momentarily left M. S. unattended, and the patient subsequently fell to the floor. The petitioner acknowledged at the hearing her awareness that M. S. required a restraint. Her supervisor, furthermore, testified that the act of leaving M. S. unrestrained and unattended on the edge of her bed was improper and inconsistent with safe practice. We therefore find that the determination of patient neglect was supported by substantial evidence in the hearing record (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176; Matter of Jones v Axelrod, 118 AD2d 1011; Public Health Law § 2803-d; 10 NYCRR 81.1 [c]). We further conclude that the civil penalty imposed upon the petitioner was not so disproportionate to the offense as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222; Matter of Welch v Weinstein, 114 AD2d 463; Public Health Law § 12; 10 NYCRR 81.7). The remaining issue raised by the petitioner is without merit. Thompson, J. P., Bracken, Niehoff and Harwood, JJ., concur.