■ JUDITH ZUCKER, Petitioner, v DAVID AXELROD, as Commissioner of Health of the State of New York, Respondent.— Determination unanimously confirmed and petition dismissed without costs. Memorandum: Petitioner, a licensed physical therapist, was charged with patient neglect for refusing to allow an 82-year-old nursing home patient to go to the bathroom before starting his therapy treatment session. At a hearing conducted pursuant to 10 NYCRR part 81, the undisputed evidence showed that petitioner refused to allow the patient to be excused for toileting; that she insisted he had to stand at the parallel bars before he could be excused; and that the patient urinated while being assisted to stand at the parallel bars. Petitioner claimed, however, that her refusal was a mere error in judgment because she assumed that the patient had been toileted before going to therapy and because he was undergoing a bladder training program.

The Administrative Law Judge's decision to discount the opinion of petitioner's expert to the effect that the refusal to allow toileting was a mere error of professional judgment was supported by the record. The expert stated unequivocally that her opinion was predicated upon an assumption that the patient was under a bowel and bladder training program. She testified that such a program would be initiated by a physician or the nursing staff, but conceded that the patient's records and charts contained no evidence that such a program had been instituted. She merely assumed that the patient was under such a program because certain facts in his medical records were consistent with such a program. Moreover, petitioner made no mention at the time she was interviewed following the incident or during her hearing testimony that she considered bladder training as a basis for refusing to allow the patient to go to the bathroom.

It is uncontroverted that the nursing home had a policy of permitting patients to go to the bathroom whenever they expressed a need. One of the therapy aides testified that she was trained to follow this procedure, and the petitioner had followed this procedure on prior occasions. Under the circum-

stances, the report of the Administrative Law Judge, which was adopted by the Commissioner, finding that petitioner's refusal to excuse the patient in a timely fashion constituted patient neglect *(see,* 10 NYCRR 81.1 [c]), was supported by substantial evidence and should be confirmed *(Matter of Alexander v Axelrod,* 125 AD2d 665; *Matter of Jones v Axelrod,* 118 AD2d 1011). (Article 78 proceeding transferred by order of Supreme Court, Erie County, Fudeman, J.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.