■ In the Matter of FRANCES S. HICKS, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents.— Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of

respondent Commissioner of Health which found petitioner guilty of patient neglect.

Petitioner is a licensed practical nurse and was employed as such from August 1986 to August 1987 by the Daughters of Sarah Nursing Home in Albany County. Petitioner's duties included shift supervision of the facility's health assistants to ensure that they completed their assignments providing direct care to the facility's residents. Petitioner was also required to conduct walking rounds of her unit at the end of her shift to assure, *inter alia,* that each resident was in bed and safe.

In August 1987, a report was made to respondent Department of Health that petitioner had neglected a resident at the facility by failing to ensure that the resident, "HC", was placed in bed and received appropriate care during petitioner's shift on August 1, 1987. The nurse's record for that date indicated that a security guard found HC that evening lying in the dark, half in his bed and half still restrained in an overturned wheelchair. HC was in his undershirt with his briefs partially off, and his pants, shirt and socks on the floor near the door. The nurse's record also indicated that HC was "covered [in] urine [and] stool which had hardened dried on to his skin".

Following an investigation, respondent Commissioner of Health determined that petitioner's conduct with respect to the incident constituted patient neglect. After a hearing, an Administrative Law Judge sustained the determination of neglect but recommended that no monetary fine be assessed against petitioner. The Commissioner, *inter alia,* adopted the findings of neglect, denied petitioner's request to expunge the patient neglect report, and assessed a penalty of $200 of which petitioner was required to pay $50. This CPLR article 78 proceeding followed and was transferred to this court.

We confirm. The record clearly establishes that HC did not receive timely care and thus was neglected *(see,* 10 NYCRR 81.1 [c]). The record also demonstrates that petitioner was responsible for insuring that the nursing aides' tasks were properly accomplished by, *inter alia,* conducting a visual check of each resident while making rounds at the end of her shift before leaving work. Furthermore, the record contains expert testimony that petitioner's conduct, in failing to assess whether the nursing aide had delivered proper care to HC, was inappropriate and led to HC's inadequate care on the evening at question. Accordingly, there is substantial evidence in the record to support a determination that petitioner committed an act of patient neglect *(see, Matter of Jones v*

*Axelrod,* 133 AD2d 629, 630; *see also, Matter of Buchanan v Axelrod,* 152 AD2d 568, 569).

As a final matter, we summarily reject petitioner's arguments that she is entitled to a hearing to prove her allegation that she was a victim of selective enforcement *(see, Matter of 303 W. 42nd St. Corp. v Klein,* 46 NY2d 686). Petitioner has failed to allege facts sufficient to establish conscious, intentional discrimination *(see, supra; Matter of Santos v Chesworth,* 133 AD2d 1001, 1002-1003) and the record fails to demonstrate any "evil eye" toward petitioner in respondents' prosecution of this matter *(see, Matter of Samaritan Hosp. v Axelrod,* 107 AD2d 911, 913, *appeal dismissed* 65 NY2d 636).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Weiss, Mikoll, Crew III and Harvey, JJ., concur.