■ In the Matter of DAVID D'AUGUSTA, Petitioner, v WILLIAM J. BRATTON, as Police Commissioner of the City of New York, et al., Respondents. In the Matter of DAVID D'AUGUSTA, Petitioner, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [686 NYS2d 39] —Determination of respondent Police Commissioner, dated January 5,

1996, which suspended petitioner without pay for 20 days upon a finding that petitioner wrongfully struck the complainant in the face with a gun, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Karla Moskowitz, J.], entered May 21, 1996) dismissed, without costs. Order and judgment (one paper), Supreme Court, New York County (Louise Gruner Gans, J.), entered August 21, 1998, which dismissed the petition, brought pursuant to CPLR article 78, to reopen petitioner's disciplinary hearing on the grounds of newly discovered evidence, unanimously affirmed, without costs.

Respondent's finding that petitioner struck the complainant in the face with a gun is supported by substantial evidence, including the testimony of the complainant, two eyewitnesses to the incident, and the complainant's treating dentist, who confirmed the complainant's injury (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 179-180). To the extent that petitioner presented a different account of the events, we note that credibility determinations are the province of the Hearing Officer (*see, Matter of Pesante v Abate,* 211 AD2d 504, 505).

As to the subsequent petition to reopen the disciplinary proceedings, we agree with Supreme Court that the Hearing Examiner's decision not to reopen the hearing based on alleged newly discovered evidence was not arbitrary and capricious. The statement of the purportedly exculpatory witness was not, in the exercise of diligence, unavailable to petitioner at the time of the hearing, and the Hearing Examiner's determination that the witness's equivocal statement would, in any event, probably not have changed the result finds support in the record (*see, Olwine, Connelly, Chase, O'Donnell & Weyher v Valsan, Inc.,* 226 AD2d 102, 103). Concur—Nardelli, J. P., Lerner, Mazzarelli and Saxe, JJ.