■ In the Matter of BENIGNO MERCADO, Petitioner, v RAYMOND W. KELLY, as Police Commissioner of the City of New York, et al., Respondents. [864 NYS2d 27]—

Determination of respondent Police Commissioner, dated March 21, 2007, insofar as it terminated petitioner's employment as a police officer, unanimously confirmed, the petition

denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Eileen A. Rakower, J.], entered October 16, 2007), dismissed, without costs.

Substantial evidence supports the findings, including that petitioner possessed a stolen license plate and made false and misleading statements about whether he knew the plate was stolen. There is no basis for disturbing the hearing officer's assessment of petitioner's credibility regarding the inconsistencies between his plea allocution in the criminal case against him and his statements to the Internal Affairs Bureau investigators (*see Matter of Berenhaus v Ward*, 70 NY2d 436 [1987]; *Matter of D'Augusta v Bratton*, 259 AD2d 287 [1999]).

The penalty of dismissal does not shock our sense of fairness, particularly where the evidence gives rise to the inference that petitioner obtained the stolen license plate by virtue of his official position and intended to use the plate for fraudulent purposes (*see e.g. Matter of Kelly v Safir*, 96 NY2d 32 [2001]). Concur—Saxe, J.P., Sweeny, McGuire, Renwick and Freedman, JJ.