■ ROSELYNE GISORS, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION FOR CITY SCHOOL DISTRICT REGION 10, et al., Respondents. [942 NYS2d 108]—

Order and judgment (one paper), Supreme Court, New York County (Barbara Jaffe, J.), entered July 22, 2010, denying the petition to vacate an arbitration award dated November 14, 2008, and granting respondents' cross motion to dismiss the proceeding brought pursuant to Education Law § 3020-a and CPLR 7511, unanimously affirmed, without costs.

The award was made in accord with due process, is supported by adequate evidence, is rational and is not arbitrary and capricious (see *Lackow v Department of Educ. [or "Board"] of City of N.Y.*, 51 AD3d 563, 567 [2008]). Contrary to petitioner's contention, hearsay evidence can be the basis of an administrative determination (*Matter of Gray v Adduci*, 73 NY2d 741, 742 [1988]), and each of the specifications upheld by the hearing officer was supported by testimony of witnesses having personal knowledge of the material facts or hearsay evidence that substantiated the basis for the charges. The hearing officer's credibility findings are entitled to deference (see *Matter of D'Augusta v Bratton*, 259 AD2d 287, 288 [1999]), and there is no basis upon which to disturb those findings.

Petitioner's arguments to vacate or modify the determination (see CPLR 7511 [b]), including that the hearing officer was biased and exceeded her authority in reaching a determination without affording petitioner due process, are refuted by the record. Petitioner was afforded every opportunity to present a defense and she acknowledges intentionally attempting to stonewall the proceedings by not appearing for and/or not participating on many of the hearing dates. Petitioner's argument that the findings of the hearing officer were predetermined

is conclusory and otherwise undermined by the evidence which supports the findings. Moreover, petitioner failed to meet her burden of showing, by clear and convincing evidence, that the hearing officer was partial in her consideration of the evidence and ultimate determination (*see Matter of Infosafe Sys. [International Dev. Partners]*, 228 AD2d 272, 272-273 [1996]).

The penalty of six months' suspension, without pay, was neither shocking to our sense of fairness nor disproportionate to the multiple offenses (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 232-233 [1974]), given that petitioner's actions tended to undermine the credibility of the academy's grading system, involved repeated tampering with multiple school records, and circumvented the authority of the school. Concur—Gonzalez, P.J., Saxe, Sweeny, Acosta and Renwick, JJ.