Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered March 18, 2011, granting respondent’s cross motion to dismiss the petition brought pursuant to, inter alia, CPLR article 75 to vacate an arbitration award, which sustained certain disciplinary charges and found that respondent had just *702 cause to terminate petitioner’s employment as a tenured teacher, unanimously affirmed, without costs.
This appeal involves a second disciplinary proceeding brought against petitioner Theodore Smith. Petitioner, a tenured teacher, was terminated when the arbitrator in the instant proceeding found that respondent New York City Department of Education had sustained the charges stemming from the claim that petitioner had made death threats against the initial arbitrator in the prior disciplinary proceeding. The death threats took place during a telephone conversation between petitioner and the lawyer who represented him in the prior disciplinary proceeding.
When the arbitrator learned about the death threats, he recused himself and was replaced by a second arbitrator, who sustained the charges against petitioner based on, among other things, a failure to properly supervise students and excessive absences. As a result, petitioner was suspended without pay for one year. Thereafter, respondent investigated the alleged death threats, and instituted the instant proceeding. Upon finding the evidence supporting the alleged death threats credible, the arbitrator recommended a penalty of termination.
We find that the arbitration award was made in accord with due process, is supported by adequate evidence, is rational and is not arbitrary and capricious (see Lackow v Department of Educ. [or “Board”] of City of N.Y., 51 AD3d 563, 567 [1st Dept 2008]). Contrary to petitioner’s contention, hearsay evidence can be the basis of an administrative determination (Matter of Gray v Adduci, 73 NY2d 741, 742 [1988]), and each of the specifications upheld by the arbitrator was supported by testimony of witnesses having personal knowledge of the material facts or hearsay evidence that substantiated the basis for the charges. The arbitrator’s credibility findings are entitled to deference (see Matter of D’Augusta v Bratton, 259 AD2d 287, 288 [1st Dept 1999]), and there is no basis upon which to disturb those findings.
We reject petitioner’s allegations that the instant disciplinary proceeding and the ultimate discipline imposed against him violated the right to free speech under the First Amendment to the United States Constitution. Supreme Court properly deferred to the arbitrator’s finding that petitioner’s statements are exempt from First Amendment protection because they constitute “true threats.” We note that petitioner’s former attorney only disclosed the threats because he believed that petitioner’s increasingly erratic behavior rendered him genuinely dangerous. Under the circumstances, it cannot be argued that *703 petitioner’s speech implicates matters of public concern (see Melzer v Board of Educ. of City Sch. Dist. of City of N.Y., 336 F3d 185 [2d Cir 2003], cert denied 540 US 1183 [2004]). Nor can it be disputed that petitioner’s death threats disrupted the initial arbitration proceeding (see Matter of Santer v Board of Educ. of E. Meadow Union Free Sch. Dist., 101 AD3d 1026 [2d Dept 2012]). Concur — Acosta, J.E, Saxe, Renwick, Richter and Clark, JJ.