■ In the Matter of CARLOS PENA, Petitioner, v ROBERT K. HUGHES et al., Respondents. [993 NYS2d 899]—

Determination of respondent New York City Health and Hospitals Corporation (HHC), dated January 24, 2013, terminating petitioner's employment upon a finding of gross misconduct, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Shlomo Hagler, J.], entered Nov. 18, 2013), dismissed, without costs.

The determination terminating petitioner's employment at HHC's nursing home facility based on gross misconduct, i.e., inappropriate sexual contact with a resident patient in the facility, is supported by substantial evidence and is in accord with due process (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176 [1978]). The record includes testimony by two nursing home employees who described the detailed statement provided by the patient in an interview conducted five days after the alleged incident, the contemporaneous report of the interview, and video surveillance tapes that showed petitioner and the patient in the same areas during the relevant time. Contrary to petitioner's contention, an administrative determination can be based on hearsay evidence (Matter of Gray v Adduci, 73 NY2d 741 [1988]). Petitioner's due process rights to a fair hearing and cross-examination of witnesses were not violated by the admission of the hearsay statements, since the patient refused to testify despite being served with a subpoena (see Matter of Muldrow v New York State Dept. of Corr. & Community Supervision, 110 AD3d 425 [1st Dept 2013]; Matter of Rispoli v Waterfront Commn. of N.Y. Harbor, 104 AD3d 461 [1st Dept 2013]). The administrative law judge's credibility findings are entitled to deference, and there is no basis on which to disturb those findings (see Matter of D'Augusta v Bratton, 259 AD2d 287 [1st Dept 1999]). Nor does the penalty of termination shock our sense of fairness (Matter of Featherstone v Franco, 95 NY2d 550, 554 [2000]). Concur—Gonzalez, P.J., Mazzarelli, Andrias, DeGrasse and Clark, JJ.