■ In the Matter of ALKAREN PARRIS, Petitioner, v NIRAV R. SHAH, M.D., M.P.H., as Commissioner of Health of the State of New York, Respondent. [8 NYS3d 53]—

Determination of respondent Commissioner of the New York State Department of Health, dated August 6, 2013, which, among other things, after a hearing, adopted the Administrative Law Judge (ALJ)'s recommendation to sustain the first three charges of patient abuse and/or neglect by petitioner, a certified nurse's aide, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Alice Schlesinger, J.], entered Apr. 16, 2014), dismissed, without costs.

Substantial evidence, including consistent testimony from several witnesses, photographs of the 91-year-old resident's bruises, and the geriatric center's records, supports the determination that petitioner pushed the resident into a bathroom wall, pulled the resident's hair, and intimidated the resident by demanding an explanation as to why she had reported $300 to be missing from her room and had implicated petitioner (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-182 [1978]). There is no basis for disturbing the ALJ's credibility determinations (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443 [1987]). Further, hearsay evidence, which was corroborated by photographic evidence and other business records, was properly relied upon in making the determination (*see Matter of Gray v Adduci*, 73 NY2d 741, 742 [1988]). Petitioner's right to due process was not violated by the resident's absence at the hearing (*see Matter of Pena v Hughes*, 121 AD3d 550 [1st Dept 2014]). The record supports the ALJ's finding that the resident was intimidated and afraid to testify.

We have considered petitioner's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Renwick, Andrias, DeGrasse and Gische, JJ.