*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 2, 2016                    521862
_____

In the Matter of Anonymous, an
   Intermediate Care Facility,
                Petitioner,
     v                                      OPINION AND JUDGMENT

DAVID MOLIK et al.,
                Respondents.
_____

Calendar Date:  April 27, 2016

Before:  Peters, P.J., Lahtinen, Garry and Mulvey, JJ.

_____

     Cappello & Linden, Potsdam (Roger B. Linden of counsel),
for petitioner.

     Eric T. Schneiderman, Attorney General, Albany (Kathleen M.
Treasure of counsel), for respondents.

_____

Peters, P.J.

     Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Schenectady
County) to review a determination of respondent Justice Center
for the Protection of People with Special Needs denying
petitioner's request to amend and seal a report of neglect.

     Petitioner operates a 12-bed intermediate care facility in
the Village of Morristown, Schenectady County, which is licensed
by the Office of People With Developmental Disabilities
(hereinafter OPWDD) to provide services to individuals suffering
from various cognitive and physical disabilities.  On the evening
of June 30, 2013, after two staff members momentarily left the
facility's common living room, one of the male residents of the

facility (hereinafter resident 1) engaged in inappropriate sexual contact with a female resident.  As a result of the incident, respondent Justice Center for the Protection of People With Special Needs (hereinafter the Justice Center) investigated a report of neglect against the two staff members.  The Justice Center ultimately found the allegations to be unsubstantiated, reasoning that there were no policies or requirements in place prohibiting staff from leaving the living room unattended while residents were gathered there.  However, because this was the third time in the past six months that resident 1 had engaged in inappropriate sexual contact with another resident, the Justice Center "substantiated" a report of neglect against petitioner for failing to provide clear protocols concerning staff supervision of residents in the living room and failing to alter resident 1's care plan to increase his level of supervision.  Petitioner's request to amend the report to unsubstantiated and seal it was denied following an administrative hearing.  Such determination was adopted by the Director of the Justice Center's Administrative Hearings Unit, who was designated by the Executive Director to render a final determination.

In this CPLR article 78 proceeding, petitioner seeks to annul the Justice Center's determination on several grounds.  We agree that, under the circumstances presented herein, the Justice Center acted in excess of its statutory authority in making a finding of neglect against petitioner.  Accordingly, we now annul the determination.

Recognizing a "need to strengthen and standardize the safety net for [the more than one million] vulnerable persons, adults and children alike, who are receiving care from New York's human service agencies and programs," the Legislature in 2012 enacted the Protection of People With Special Needs Act (L 2012, ch 501, § 1, part A, § 1; see Senate Introducer Mem in Support, Bill Jacket, L 2012, ch 501 at 14; Sponsor's Mem, Bill Jacket, L 2012, ch 501 at 9).  The Act establishes a set of uniform safeguards applicable to all facilities and programs operated, licensed or certified by six different state agencies, including OPWDD, to serve individuals with cognitive or physical disabilities (see L 2012, ch 501, § 1, part A, § 1).  In order to implement those safeguards, the Act created the Justice Center

(see Executive Law §§ 551-562; Social Services Law §§ 488-497), which is, among other things, charged with establishing and maintaining a statewide central register — known as the Vulnerable Persons' Central Register — to accept, investigate and respond to allegations of abuse, neglect or other "reportable incidents" of persons receiving services in licensed facilities or provider agencies (see Executive Law § 553 [1]-[4]; Social Services Law § 492).

Upon receipt of an allegation of a reportable incident made to the Vulnerable Persons' Central Register, the Justice Center is responsible for providing notice to the applicable state oversight agency and, as appropriate, the facility's director or operator (see Social Services Law § 492 [3] [a], [c]; 14 NYCRR 624.5 [a] [1]; [c] [1]).  The facility or provider agency is required to investigate the allegation, unless OPWDD or the Justice Center advise the operator of such facility that it will investigate the incident and specifically relieves the facility of its obligation to do so (see 14 NYCRR 624.5 [h] [1]; see also Social Services Law § 488 [7]).  Following the investigation, a finding must be made, which shall be based upon a preponderance of the evidence, indicating whether the allegation is "substantiated" or "unsubstantiated" (Social Services Law § 493 [3] [a]; see 14 NYCRR 624.5 [j] [1] [i], [ii]).  The statute further provides, as particularly relevant here, that "[i]n conjunction with the possible findings identified in [Social Services Law § 493 (3) (a)], a concurrent finding may be made that a systemic problem caused or contributed to the occurrence of the incident" (Social Services Law § 493 [3] [b]; see 14 NYCRR 624.5 [j] [2]).  Substantiated reports are divided into four categories (category one, two, three and four) depending on the nature and severity of the conduct, and each carries with it different consequences (see Social Services Law § 493 [4]).  When the facility or OPWDD conducts an investigation, its findings are not final until reviewed by the Justice Center (see 14 NYCRR 624.5 [j] [3]).  Upon its review, the Justice Center may amend or adopt the findings of the facility or OPWDD, and the Justice Center's findings are considered final (see 14 NYCRR 624.5 [j] [3]).

When a report of abuse or neglect is substantiated by the Justice Center, the "subject" of the report has the right to request an amendment of the report and, if the request is denied in whole or in part, to a hearing before an Administrative Law Judge to determine whether the findings of the report should be amended (see Social Services Law § 494 [1] [a]; 14 NYCRR 700.4, 700.5, 700.6). At the hearing, the Justice Center bears the burden of showing by a preponderance of the evidence that the subject committed the acts giving rise to the report and that the substantiated allegations constitute abuse or neglect (see 14 NYCRR 700.6 [b]). Following the hearing, the Administrative Law Judge must issue a report and recommendation setting forth his or her determination of the issues, as well as "the reasons and factual basis for the determination" (14 NYCRR 700.12 [a]). The report and recommendation is then reviewed by the Justice Center's Executive Director or his or her designee, who shall issue a final determination (see 14 NYCRR 700.13 [a]).

With this statutory framework in mind, we address petitioner's contention that the Justice Center lacked the statutory authority to make a finding of neglect against it. In so doing, we need not defer to the Justice Center's interpretation of the statutory provisions in question, as we are not called upon "to interpret a statute where 'specialized knowledge and understanding of underlying operational practices or . . . an evaluation of factual data and inferences to be drawn therefrom' is at stake" (Roberts v Tishman Speyer Props., L.P., 13 NY3d 270, 285 [2009], quoting Matter of KSLM-Columbus Apts., Inc. v New York State Div. of Hous. & Community Renewal, 5 NY3d 303, 312 [2005]; see Matter of Crucible Materials Corp. v New York Power Auth., 13 NY3d 223, 229 [2009]). Rather, the issue before us "is one of pure statutory interpretation dependent only on accurate apprehension of legislative intent" (Matter of KSLM-Columbus Apts., Inc. v New York State Div. of Hous. & Community Renewal, 5 NY3d at 312 [internal quotation marks and citation omitted]; see Matter of Ovadia v Office of the Indus. Bd. of Appeals, 19 NY3d 138, 144 n 5 [2012]). In performing this function, we are "constitutionally bound to give effect to the expressed will of the Legislature and the plain and obvious meaning of a statute is always preferred to any curious, narrow or hidden sense that nothing but a strained interpretation of

legislative intent would discern" (Finger Lakes Racing Assn. v New York State Racing & Wagering Bd., 45 NY2d 471, 479-480 [1978]; see Matter of Suffolk Regional Off-Track Betting Corp. v New York State Racing & Wagering Bd., 47 AD3d 133, 136 [2007], affd 11 NY3d 559 [2008]).

Social Services Law § 493 governs the findings that may be made by the Justice Center following its investigation of a report alleging abuse or neglect.  It may "substantiate" a report of abuse or neglect if "it is determined that the incident occurred and the subject of the report was responsible or, if no subject can be identified and an incident occurred, that[] the facility or provider agency was responsible" (Social Services Law § 493 [3] [a] [i]).  Conversely, a report of abuse or neglect is unsubstantiated if "it is determined not to have occurred or the subject of the report was not responsible, or because it cannot be determined that the incident occurred or that the subject of the report was responsible" (Social Services Law § 493 [3] [a] [ii]).  Thus, pursuant to Social Services Law § 493 (3) (a), the only circumstance under which the Justice Center could substantiate a report of neglect against a facility or provider agency is where an incident of neglect has occurred but the subject cannot be identified — a situation that is plainly not present here.

Despite this, respondents maintain that the Justice Center was empowered to "substantiate" an allegation of neglect against petitioner by virtue of its statutory authority to make a concurrent finding under Social Services Law § 493 (3) (b).  We disagree.  While the Justice Center is indeed permitted to make a "concurrent finding" with respect to a facility or provider agency in conjunction with either a substantiated or unsubstantiated report, the scope of that "concurrent finding" is expressly circumscribed by the statute.  By its terms, the only "concurrent finding" that may be made is "that a systemic problem caused or contributed to the occurrence of the incident" (Social Services Law § 493 [3] [b]).  Had the Legislature intended to authorize the Justice Center to make a concurrent finding of neglect as against a facility or provider agency, it could have expressly said so.  Likewise, if it was the intent of the Legislature to equate a finding "that a systemic problem caused

or contributed to the occurrence of the incident" with a finding of "neglect," it could have easily done so through use of the term "neglect." It is axiomatic that "new language cannot be imported into a statute to give it a meaning not otherwise found therein" (McKinney's Cons Laws of NY, Book 1, Statutes § 94 at 190), nor can a court "amend a statute by inserting words that are not there" (McKinney's Cons Laws of NY, Book 1, Statutes § 363 at 525). "The function of the courts is to enforce statutes, not to usurp the power of legislation, and to interpret a statute where there is no need for interpretation, to conjecture about or to add to or to subtract from words having a definite meaning, or to engraft exceptions where none exist are trespasses by a court upon the legislative domain" (McKinney's Cons Laws of NY, Book 1, Statutes § 76 at 168).

Further grounding for our holding can be found in Social Services Law § 493 (4). That provision requires that all instances of neglect or abuse be categorized into one or more of four enumerated categories. But categorization is predicated upon the existence of a "[s]ubstantiated report[] of abuse or neglect" (Social Services Law § 493 [4]). In other words, only a substantiated report of neglect or abuse can be categorized. Since the statute does not provide for categorization of a "concurrent finding" into one of the four categories, it necessarily follows that a "concurrent finding" cannot constitute — nor be equated with — a finding of neglect. While the Legislature may not have contemplated a scenario where, as here, the Justice Center would find the subject of a report fully absolved from responsibility while determining that the facility engaged in conduct amounting to neglect,[1] "'the plain language of

---

[1] It is also possible that the Legislature simply did not intend for the statute to apply where the purported neglect related solely to systematic deficiencies within the facility. OPWDD is statutorily charged with regulatory oversight over facilities, like petitioner, under its auspices (see Mental Hygiene Law § 16.00 et seq.). In that capacity, OPWDD is authorized to, among other things, perform periodic reviews of a service provider's procedures and conduct investigations into the operations of any service provider, and may revoke, suspend or

a statute may not be overridden to avoid an undesirable result in a particular situation'" (<u>Matter of County of Albany v Hudson Riv.-Black Riv. Regulating Dist.</u>, 97 AD3d 61, 73 [2012], <u>lv denied</u> 19 NY3d 816 [2012], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 141, Comment at 283).  As the Court of Appeals has guided, where "the terms of a statute are plain and within the scope of legislative power, . . . the remedy for a harsh law is not in strained interpretation by the [J]udiciary, but rather its amendment or repeal by the Legislature" (<u>Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.</u>, 45 NY2d at 480).

We therefore conclude that, under these circumstances, the Justice Center was simply without authority to "substantiate" a report of neglect against petitioner.  Accordingly, the determination must be annulled, the report of neglect amended to unsubstantiated and sealed as it pertains to petitioner, and the matter remitted to the Justice Center for further proceedings. In light of our determination, petitioner's remaining contentions are academic.

Lahtinen, Garry and Mulvey, JJ., concur.


ADJUDGED that the determination is annulled, without costs, petition granted and matter remitted to respondent Justice Center for the Protection of People With Special Needs for further proceedings not inconsistent with this Court's decision.



ENTER:

Robert D. Mayberger
Clerk of the Court

_____

limit a service provider's operating certificate or impose penalties, including a fine, for failure to comply with the terms of its operating certificate or with the provisions of any applicable statute, rule or regulation (<u>see</u> Mental Hygiene Law §§ 16.11, 16.17).