■ In the Matter of OTIS CAUTHEN, Petitioner, v NEW YORK STATE JUSTICE CENTER FOR THE PROTECTION OF PEOPLE WITH SPECIAL NEEDS et al., Respondents. [58 NYS3d 682]—

Mulvey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Justice Center for the Protection of People with Special Needs denying petitioner's request to amend and seal a report of abuse.

Petitioner is employed as a direct support assistant at a residential facility operated by the Office of People with Developmental Disabilities (hereinafter OPWDD). On July 15, 2013, a hotline report was made to the Vulnerable Persons' Central Register maintained by respondent Justice Center for the Protection of People with Special Needs (hereinafter the Justice Center),* alleging that petitioner intentionally and forcefully punched a facility resident in the chest. An OPWDD investiga-

---

* The Justice Center is responsible for investigating allegations of abuse and neglect by any custodian charged with caring for vulnerable persons (Social Services Law §§ 488 [7]; 492 [3] [c]). At the investigation's conclusion, the Justice Center renders a determination indicating whether the report is "substantiated" or "unsubstantiated" (Social Services Law § 493 [3] [a]). The Justice Center is required to categorize substantiated reports into one or more of four categories depending on the nature and severity of the conduct,

tor conducted interviews of several witnesses and found the report of physical abuse to be substantiated. Petitioner then requested that the report be amended to unsubstantiated and that the report be sealed. The request was denied by the Justice Center's administrative appeals unit and petitioner requested an administrative hearing to challenge the findings. Following a hearing, an Administrative Law Judge (hereinafter the ALJ) recommended that petitioner's request to amend and seal the report be granted. The Justice Center, in a determination by the designee of its executive director, rejected that recommendation and issued a final determination sustaining the report of physical abuse, and denying petitioner's request to amend and seal the report. Petitioner commenced this CPLR article 78 proceeding challenging the determination as unsupported by substantial evidence, and Supreme Court transferred the proceeding to this Court.

We find that the Justice Center's final determination is supported by substantial evidence. " '[S]ubstantial evidence consists of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion of ultimate fact may be extracted reasonably— probatively and logically' " (*Matter of Yoga Vida NYC, Inc. [Commissioner of Labor]*, 28 NY3d 1013, 1015 [2016], quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181 [1978]). "If substantial evidence is present in the record, this Court cannot substitute its own judgment for that of [the respondent], even if a contrary result is viable" (*Matter of Stephen C. v Johnson*, 39 AD3d 932, 933 [2007], *lv denied* 9 NY3d 804 [2007]; *see Matter of Kenneth VV. v Wing*, 235 AD2d 1007, 1009 [1997]). The Justice Center "is not required to adhere to the ALJ's findings of fact or credibility, and [it] is free to reach [its] own determination, so long as it is supported by substantial evidence in the record as a whole" (*Matter of R & B Autobody & Radiator, Inc. v New York State Div. of Human Rights*, 31 AD3d 989, 990 [2006] [internal quotation marks, brackets and citation omitted]).

"Physical abuse" means, "conduct by a custodian intentionally or recklessly causing, by physical contact, physical injury or serious or protracted impairment of the physical, mental or emotional condition of a service recipient or causing the likelihood of such injury or impairment" (Social Services Law § 488

and each carries with it different consequences (*see* Social Services Law § 493 [4] [a]; *Matter of Anonymous v Molik*, 141 AD3d 162, 165 [2016], *lv granted* 29 NY3d 902 [2017]).

[1] [a]). A "[s]ubstantiated report means a report of abuse or neglect wherein a determination has been made as a result of an investigation that there is a preponderance of the evidence that the alleged act or acts of abuse or neglect occurred, that any such act or acts committed by the subject constitute abuse or neglect and, pursuant to Social Services Law [§] 493 (4), a determination of the category level of such act or acts" (14 NYCRR 700.3 [f]).

The record before the Justice Center is comprised of a hearing transcript, audio recordings of witness statements and documentary evidence. At the hearing before the ALJ, a Justice Center investigator testified regarding the information that she gathered through statements of petitioner, the victim, an eyewitness and other staff members at the facility. Petitioner also testified. In his statement, the eyewitness stated that he saw petitioner punch an adult male resident forcefully in the chest while both were in the facility's common area waiting for breakfast. He said that the punch was delivered with such force that he concluded that it was deliberate. He heard the victim shout in pain. Petitioner denied punching the victim, yet conceded that he and the victim engaged in horseplay that morning. The victim suffers from a mild intellectual disability and has been diagnosed with several other severe psychiatric disorders. In his interview, the victim minimized the incident as "playing around" and showed anxiety about discussing it. The ALJ credited the testimony of petitioner and did not credit the statements of the eyewitness. In the final determination, the Justice Center credited the eyewitness's report, setting forth in detail how the ALJ mischaracterized the record regarding the proximity of the eyewitness to the incident, and demonstrated how the eyewitness's observations were corroborated by other evidence.

Turning to petitioner's contention that the hearsay statements in the record cannot constitute substantial evidence, it is well established that, in an administrative hearing, hearsay is admissible and may support a finding of substantial evidence (see Matter of Muller v Fischer, 125 AD3d 1034, 1035 [2015]). Further, hearsay evidence "may, under appropriate circumstances, form the sole basis of an agency's determination, unless the hearsay evidence is seriously controverted" (Matter of Today's Lounge of Oneonta, Inc. v New York State Liq. Auth., 103 AD3d 1082, 1083 [2013] [internal quotation marks, brackets and citations omitted]). Here, the corroborated description of the incident by the eyewitness was only controverted by petitioner's denial that he punched the victim.

Petitioner's acknowledgment that he engaged in horseplay with the victim that morning, combined with his statements on two other occasions that he did not recall whether he punched the victim, presented credibility questions for the Justice Center to resolve (*see Matter of Haug v State Univ. of N.Y. at Potsdam*, 149 AD3d 1200, 1200 [2017]). Consequently, the Justice Center could view the corroborated description by the eyewitness as not seriously controverted and "sufficiently reliable" so as to constitute substantial evidence (*Matter of Doctor v New York State Off. of Alcoholism & Substance Abuse Servs.*, 112 AD3d 1020, 1022 [2013] [internal quotation marks and citations omitted]).

Garry, J.P., Lynch, Rose and Aarons, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.