■ In the Matter of Malina C. Roberts, Petitioner, v New York State Justice Center for the Protection of People with Special Needs et al., Respondents. [59 NYS3d 554]—

Egan Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Justice Center for the Protection of People with Special Needs denying petitioner's request to amend and seal a report of abuse.

Petitioner is a direct support assistant employed by the Office for People with Developmental Disabilities (hereinafter OPWDD), and respondent Justice Center for the Protection of People with Special Needs (hereinafter the Justice Center) is the agency charged with, among other things, investigating and responding to allegations of abuse and neglect perpetrated against vulnerable individuals by those custodians who are charged with their care (see Social Services Law §§ 488, 492). At all times relevant, petitioner was working at the Brooklyn Developmental Center (hereinafter the facility) and was assigned to a unit housing individuals who suffer from both developmental disabilities and psychiatric disorders. One of the residents of that unit was a 28-year-old individual (hereinafter the service recipient) who had been diagnosed with bipolar disorder and had a history of, among other things, physical and verbal aggression.

On the evening of August 5, 2013, a hotline report was received alleging that petitioner had kicked the service recipient several times while Doris Watson, a developmental aide employed at the facility, held the service recipient down on the ground. OPWDD undertook an investigation of the incident and, at the conclusion thereof, the assigned investigator found the report of physical abuse to be substantiated as to both petitioner and Watson. The Justice Center subsequently accepted the recommendation made by the investigator and, in January 2014, substantiated the report, finding that both petitioner and Watson had committed a category three offense within the meaning of Social Services Law § 493 (4) (c). Petitioner's and Watson's separate requests for amendment of the report as unsubstantiated were denied, and the matters were referred for an administrative hearing.

Following a joint hearing, at which the OPWDD investigation report and supporting documentation were received into evidence and various witnesses appeared and testified, the Administrative Law Judge (hereinafter ALJ), among other things, recommended that petitioner's request to amend and seal the report be granted. Upon further review, however, the designee appointed by the Justice Center's Executive Director issued a final determination sustaining the category three find-

ing of abuse and denied petitioner's request to amend and seal the substantiated report. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78, subsequently transferred to this Court, to challenge the Justice Center's determination.*

A detailed discussion of the underlying statutory scheme is set forth in this Court's prior decision in *Matter of Anonymous v Molik* (141 AD3d 162 [2016], *lv granted* 29 NY3d 902 [2017]) and will not be repeated here. Pursuant to Social Services Law § 493 (4), substantiated reports are divided into four categories—category one, two, three and four—"depending on the nature and severity of the conduct, and each [category] carries with it different consequences" (*Matter of Anonymous v Molik*, 141 AD3d at 165). Category one conduct pertains to "serious physical abuse, sexual abuse or other serious conduct [caused] by custodians" (Social Services Law § 493 [4] [a]), while category two conduct refers to conduct that "seriously endangers the health, safety or welfare of a service recipient by committing an act of abuse or neglect" (Social Services Law § 493 [4] [b]). Category three conduct, on the other hand, "encompasses all other acts of abuse or neglect that do not rise to the level of conduct as 'described in categories one and two'" (*Matter of Williams v New York State Justice Ctr. for the Protection of People with Special Needs*, 151 AD3d 1355, 1357 [2017], quoting Social Services Law § 493 [4] [c]). "Physical abuse" is defined as "conduct by a custodian intentionally or recklessly causing, by physical contact, physical injury or serious or protracted impairment of the physical, mental or emotional condition of a service recipient or causing the likelihood of such injury or impairment. Such conduct may include but shall not be limited to . . . kicking . . . or the use of corporal punishment" (Social Services Law § 488 [1] [a]).

Where, as here, "a report of abuse or neglect is substantiated by the Justice Center, the subject of the report has the right to request an amendment [there]of . . . and, if the request is denied in whole or in part, to a hearing before an [ALJ] to determine whether the findings of the report should be amended. At [such] hearing, the Justice Center bears the burden of showing by a preponderance of the evidence that the

---

* The Executive Director's designee also upheld the category three finding of abuse as to Watson and denied her request to amend and seal the substantiated report. Watson, in turn, commenced a CPLR article 78 proceeding—also transferred to this Court—seeking to annul the Justice Center's determination (*Matter of Watson v New York State Justice Ctr. for the Protection of People with Special Needs*, 152 AD3d 1025 [2017] [decided herewith]).

subject committed the acts giving rise to the report and that the substantiated allegations constitute abuse or neglect" (*Matter of Anonymous v Molik*, 141 AD3d at 166 [internal quotation marks and citations omitted]; *see Matter of Williams v New York State Justice Ctr. for the Protection of People with Special Needs*, 151 AD3d at 1356-1357). Upon review by this Court, "the Justice Center's . . . determination must be supported by substantial evidence" (*Matter of Williams v New York State Justice Ctr. for the Protection of People with Special Needs*, 151 AD3d at 1357).

Here, the report prepared by the OPWDD investigator, as well as the recordings from the interviews that he conducted at the facility, were admitted into evidence at the hearing. Three of those recordings—comprising the investigator's interviews with eyewitnesses Monica Sutton, another service provider at the facility, and two facility residents—were played at the hearing and describe in detail petitioner's role in the underlying incident. Specifically, Sutton related that, following a verbal altercation, petitioner pushed the service recipient to the floor, at which point Watson held the service recipient down while petitioner repeatedly "kicked" and "stomped" her. Sutton's account of the incident was largely corroborated by two facility residents, one of whom indicated that, after the service recipient and petitioner exchanged words, petitioner "just lost it," "took it to the streets" and repeatedly "stomped" the service recipient. In response, one of the residents stated, the service recipient "started crying" and said, "[M]y side, my side."

To be sure, petitioner, Watson and the service recipient each denied that any such abuse occurred and presented a contrary version of the incident, and the recorded interviews of the various participants/witnesses indeed were inconsistent in some respects. That said, the conflicting portrayals of the incident presented a credibility issue for the Justice Center to resolve (*see e.g. Matter of Supreme Energy, LLC v Martens*, 145 AD3d 1147, 1148 [2016]; *Matter of Wieder v New York State Dept. of Health*, 77 AD3d 1207, 1208 [2010]), and the Justice Center concluded that the accounts offered by the three eyewitnesses were "strikingly similar and consistent [as to] the core allegations in the substantiated report." To the extent that the ALJ reached a contrary conclusion, the Justice Center "is not required to adhere to the ALJ's findings of fact or credibility, and is free to reach [its] own determination, so long as it is supported by substantial evidence in the record as a whole" (*Matter of R & B Autobody & Radiator, Inc. v New York State Div. of Human Rights*, 31 AD3d 989, 990 [2006] [internal quota-

tion marks, brackets and citations omitted]; *see Matter of Supreme Energy, LLC v Martens,* 145 AD3d at 1148). Finally, although petitioner contends that the hearsay proof adduced at the hearing was either insufficient to sustain the category three offense or was flatly contradicted by sworn testimony, we need note only that a similar argument was considered and rejected by this Court in *Watson* (*Matter of Watson v New York State Justice Ctr. for the Protection of People with Special Needs,* 152 AD3d 1025 [2017] [decided herewith]). As the record contains substantial evidence to support the finding that petitioner committed physical abuse against the service recipient and, further, that such abuse was properly characterized as a category three offense, the Justice Center's determination is confirmed (*see id.*).

McCarthy, J.P., Lynch, Rose and Mulvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.