Matter of Kelly v New York State Justice Ctr. for The Protection of People With Special Needs (2018 NY Slip Op 03407)





Matter of Kelly v New York State Justice Ctr. for The Protection of People With Special Needs


2018 NY Slip Op 03407


Decided on May 10, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 10, 2018

525389

[*1]In the Matter of JOEANN KELLY, Petitioner,
v
NEW YORK STATE JUSTICE CENTER FOR THE PROTECTION OF PEOPLE WITH SPECIAL NEEDS, Respondent.

Calendar Date: March 28, 2018

Before: Garry, P.J., McCarthy, Lynch, Clark and Pritzker, JJ.


Daren J. Rylewicz, Civil Service Employees Association, Inc., Albany (Eric E. Wilke of counsel), for petitioner.
Barbara D. Underwood, Acting Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondent.


Pritzker, J.

MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's request to amend and seal a report of neglect.
Petitioner was employed by the Office for People with Developmental Disabilities at the Brooklyn Developmental Disabilities Service Office as a treatment aid. In November 2013, respondent received a report alleging that petitioner "committed acts of neglect when [she] breached [her] duty towards multiple service recipients by failing to use appropriate and professional language in their presence." Following an
investigation, respondent substantiated the report and, shortly thereafter, petitioner requested an amendment of said report. Respondent informed petitioner that after reviewing the evidence presented, it determined that a preponderance of the evidence supported a finding of abuse or neglect pursuant to Social Services Law § 494. The matter was referred to respondent's Administrative Hearings Bureau. Following the hearing, an Administrative Law Judge (hereinafter ALJ) recommended that the evidence did not establish that petitioner had committed an act of neglect. Respondent rejected the ALJ's recommendation, finding that, "by a preponderance of the evidence," petitioner had committed neglect. Petitioner then commenced this CPLR article 78 proceeding challenging respondent's determination, which was transferred [*2]to this Court.
Initially, we find petitioner's assertion that respondent was required to adopt the ALJ's recommended decision to be without merit (see 14 NYCRR 700.13; Matter of Roberts v New York State Justice Ctr. for the Protection of People with Special Needs, 152 AD3d 1021, 1022-1023 [2017]; Matter of Cauthen v New York State Justice Ctr. for the Protection of People with Special Needs, 151 AD3d 1438, 1439 [2017]). Also, we disagree with petitioner's contention that respondent's regulation (see 14 NYCRR 700.13) conflicts with Social Services Law § 494 (1) (b) as the statute does not require that the ALJ's decision is final and binding upon respondent. Instead, the statute merely states that, in the event that a petition is not sustained by the ALJ, such finding must be reflected upon an amended record (see Social Services Law § 494 [1] [b]). Further, we find that the death of respondent's Executive Director did not diminish the Chief of Staff's authority to act as a designee of the Executive Director and, as such designee, render a final determination (see Public Officers Law § 9; 14 NYCRR 700.13 [a]; see also Matter of Williams v New York State Justice Ctr. for the Protection of People with Special Needs, 151 AD3d 1355, 1356 n 1 [2017]).
Turning to the issue of whether respondent's final determination was supported by substantial evidence, we find that it is. As relevant here, neglect is defined as an action "that breaches a custodian's duty and that results in or is likely to result in physical injury or serious or protracted impairment of

the physical, mental or emotional condition of a service recipient" (Social Services Law § 488 [1] [h]). Here, it is undisputed that petitioner used the word "retarded" while in a classroom when she was discussing mandated overtime work with the staff. Petitioner's statement was overheard by two of the service recipients, who were, not surprisingly, offended by the word as evidenced by one service recipient running away from the classroom to report the incident and the other still being upset several days after the incident. Both of these service recipients were diagnosed with mild developmental disabilities, as well as a legion of other diagnoses. Petitioner, who had worked at the Brooklyn Developmental Disabilities Service Office for 10 years, worked directly with the service recipients and was familiar with their emotional and psychological conditions. Further, petitioner is charged with caring for these service recipients, who of course develop trust for their aides. Given this context, it is foreseeable that the word used by the trusted caregiver would be likely to seriously impair the service recipients' already fragile emotional and psychological condition and there is no need for expert testimony to establish same (see Social Services Law § 488 [1] [h]). As such, substantial evidence supports respondent's final determination that petitioner committed a category three act of neglect (see CPLR 7803 [4]; Social Services Law §§ 488 [1] [h]; 493 [4] [c]; 14 NYCRR 700.6 [b]; see also Matter of Cauthen v New York State Justice Ctr. for the Protection of People with Special Needs, 151 AD3d at 1439). Therefore, respondent's determination is confirmed.
Garry, P.J., McCarthy, Lynch and Clark, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.