█ In the Matter of Doris Watson, Petitioner, v New York State Justice Center for the Protection of People with Special Needs et al., Respondents. [59 NYS3d 558]—

Rumsey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Justice Center for the Protection of People with Special Needs denying petitioner's request to amend and seal a report of abuse.

Petitioner is employed in a supervisory capacity by the Office of People with Developmental Disabilities. In August 2013, respondent Justice Center for the Protection of People with Special Needs (hereinafter the Justice Center) received a report alleging that petitioner physically abused a 28-year-old individual (hereinafter the service recipient) while working in a unit that houses individuals diagnosed with both developmental disabilities and psychiatric disorders by holding the service recipient on the floor while she was kicked multiple times by Malina Roberts, another service provider. Following receipt of this report, the Justice Center investigated the incident and, in January 2014, issued a substantiated finding of a category three incident of abuse. In February 2014, petitioner requested that the Justice Center report be amended to unsubstantiated and that it be sealed. After the original substantiated finding

of abuse was sustained by the Justice Center's Administrative Appeals Unit, the case was referred for a hearing before an Administrative Law Judge (hereinafter ALJ). At the hearing, the Justice Center submitted only hearsay evidence. Petitioner and Roberts were the only witnesses with personal knowledge of the incident who testified, and both denied that Roberts kicked the service recipient. Following the hearing, the ALJ issued a determination recommending that petitioner's request to amend the report to unsubstantiated and to seal it be granted, finding that the hearsay evidence submitted by the Justice Center was insufficient to refute the direct testimony and prove the allegations of abuse by a preponderance of the evidence. A final determination and order dated August 5, 2015 rejected the ALJ's determination and sustained the category three substantiated finding of abuse. Petitioner commenced this CPLR article 78 proceeding to challenge the determination.*

Petitioner contends that the final determination sustaining the category three finding of abuse is not supported by substantial evidence in the record; specifically, that the hearsay evidence submitted in support thereof is insufficient to outweigh the sworn testimony of petitioner and Roberts. An administrative determination made after a hearing required by law at which evidence is presented will be sustained if it is supported by substantial evidence in the record (*see* CPLR 7803 [4]; *Matter of Supreme Energy, LLC v Martens,* 145 AD3d 1147, 1148 [2016]; *Matter of Protect the Adirondacks! Inc. v Adirondack Park Agency,* 121 AD3d 63, 69-70 [2014], *lv dismissed and denied* 24 NY3d 1065 [2014]). Substantial evidence means "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*Matter of Ridge Rd. Fire Dist. v Schiano,* 16 NY3d 494, 499 [2011]). "Under this standard, it is the responsibility of the administrative agency to weigh the evidence and choose from among competing inferences therefrom and, so long as the inference drawn and the ultimate determination made are supported by substantial evidence, it is not for the court to substitute its judgment for that of the administrative agency" (*Matter of Supreme Energy, LLC v Martens,* 145 AD3d at 1148 [internal quotation marks and citations omitted]), "even if a

---

* Roberts also commenced a CPLR article 78 proceeding to annul the determination by the Justice Center denying her request to amend and seal the report of abuse against her (*Matter of Roberts v New York State Justice Ctr. for the Protection of People with Special Needs,* 152 AD3d 1021 [2017] [decided herewith]).

contrary result is viable" (*Matter of Stephen C. v Johnson*, 39 AD3d 932, 933 [2007], *lv denied* 9 NY3d 804 [2007] [internal quotation marks and citation omitted]).

Petitioner contends that hearsay evidence cannot prevail over credible sworn testimony adduced at an administrative hearing. However, it is well established that "an administrative determination may be based entirely upon hearsay evidence provided such evidence is sufficiently relevant and probative or sufficiently reliable and is not otherwise seriously controverted" (*Matter of Doctor v New York State Off. of Alcoholism & Substance Abuse Servs.*, 112 AD3d 1020, 1022 [2013] [internal quotation marks and citations omitted]; *see Matter of Anderson v Bane*, 199 AD2d 708, 710 [1993]). In addition, an administrative determination may be based entirely on such hearsay evidence even where there is contrary sworn testimony (*see Matter of King v New York State Dept. of Health*, 295 AD2d 743, 744 [2002]).

Here, there is substantial evidence in the record to support the Justice Center's final determination that petitioner engaged in conduct constituting category three abuse. In interviews conducted by an investigator, three eyewitnesses to the incident—two residents of the unit and Monica Sutton, a service provider—made consistent statements about the material facts of the incident, specifically, that petitioner restrained the service recipient on the floor while she was kicked by Roberts. Although the eyewitness statements received at the hearing were hearsay, there were sufficient indicia of their reliability. The accounts of the eyewitnesses, who were interviewed separately, are consistent with each other, and, as noted by the Justice Center, were "unwavering as to the core allegations." Further, the statements from the residents were obtained in personal interviews conducted only three days after the incident, and, although Sutton's statement was obtained approximately four months after the incident, it is corroborated by the written report of abuse that she made on the date of the incident. Notably, petitioner and Roberts each testified that Sutton witnessed the incident and, although each denied that Roberts kicked the service recipient, both admitted that the service recipient fell to the floor, where she grabbed Roberts by the legs, Roberts moved her legs in an effort to free herself, and petitioner touched or held the service recipient by the shoulder when she was on the floor; these admissions are consistent with the eyewitness reports. Accordingly, the hearsay evidence in the record was sufficiently reliable to provide substantial evidence to support the Justice Center's determination.

Peters, P.J., Garry and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.