Matter of Taylor v Justice Ctr. for the Protection of People with Special Needs (2020 NY Slip Op 02299)





Matter of Taylor v Justice Ctr. for the Protection of People with Special Needs


2020 NY Slip Op 02299


Decided on April 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 16, 2020

527473

[*1]In the Matter of Jane Taylor, Petitioner,
v
Justice Center for the Protection of People with Special Needs, Respondent.

Calendar Date: February 20, 2020

Before: Clark, J.P., Mulvey, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Robert W. Sadowski PLLC, New York City (Robert W. Sadowski of counsel), for petitioner.
Letitia James, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondent.



Mulvey, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Schenectady County) to review a determination of respondent denying petitioner's request to amend and seal a report of abuse.
Petitioner was a long-time employee of the Office for People with Developmental Disabilities (hereinafter OPWDD). In February 2014, while she was assigned to a day habilitation program, the legal guardian of a service recipient at the program overheard another OPWDD employee shouting at the service recipient in a degrading manner. At a subsequent treatment plan meeting, the guardian discussed this situation with various professionals, including petitioner in her role as the service recipient's classroom teacher. Everyone at the meeting, except petitioner, later reported the incident involving the other employee to the Vulnerable Persons' Central Register as a potential incident of abuse. Two professionals then reported petitioner for failing to report the incident involving the other employee, despite knowing about that employee's behavior.
As a result of the reports, respondent commenced an investigation. Petitioner did not participate or provide any information to the investigators. The reports regarding the other employee were deemed unsubstantiated, but respondent substantiated two allegations of abuse against petitioner. After respondent's Administrative Appeals Unit denied petitioner's request to amend the report to unsubstantiated, an administrative hearing was held. The Administrative Law Judge issued a recommended decision finding that respondent failed to prove one of the allegations, but "established by a preponderance of the evidence that . . . [petitioner] failed to report allegations of a reportable incident of abuse or neglect" by not reporting the suspected abuse that she had witnessed by the other employee towards the service recipient. To challenge respondent's determination adopting the recommended decision, petitioner commenced this proceeding, which was transferred to this Court (see CPLR 7804 [g]).[FN1]
Because respondent's determination is supported by substantial evidence, we confirm. Upon receipt of allegations of abuse against persons receiving services from OPWDD or licensed facilities or providers, respondent must commence an investigation (see Social Services Law §§ 488 [1]; 492 [3] [c]; Matter of Preece v New York State Justice Ctr. for the Protection of People with Special Needs, 176 AD3d 1365, 1366 [2019]). After the investigation is completed, respondent must make a finding determining whether the allegations are "substantiated" or "unsubstantiated" based upon a preponderance of the evidence (Social Services Law § 493 [3] [a]; see 14 NYCRR 624.5 [j] [1] [i], [ii]). If a report of abuse is substantiated, the subject of the report may request an amendment of the report and, if that request is denied, may then request a hearing to determine whether the findings of the report should be amended or sealed (see Social Services Law §§ 488 [12]; 494 [1] [a]; [2]; 14 NYCRR 700.4, 700.5, 700.6; Matter of Roberts v New York State Justice Ctr. for the Protection of People with Special Needs, 152 AD3d 1021, 1023-1024 [2017]). At the hearing, respondent bears the burden of showing, "by a preponderance of the evidence, that the petitioner's alleged conduct occurred" and that it constitutes abuse (Matter of Williams v New York State Justice Ctr. for the Protection of People with Special Needs, 151 AD3d 1355, 1357 [2017]; see Social Services Law § 494 [1] [b]; 14 NYCRR 700.6 [b]). An administrative determination following an evidentiary hearing required by law must be supported by substantial evidence (see CPLR 7803 [4]; Matter of Stewart v New York State Justice Ctr. for the Protection of People with Special Needs, 173 AD3d 1411, 1412 [2019]; Matter of Watson v New York State Justice Ctr. for the Protection of People with Special Needs, 152 AD3d 1025, 1026 [2017]; Matter of Roberts v New York State Justice Ctr. for the Protection of People with Special Needs, 152 AD3d at 1024). "If substantial evidence is present in the record, this Court cannot substitute its own judgment for that of the respondent, even if a contrary result is viable" (Matter of Cauthen v New York State Justice Ctr. for the Protection of People with Special Needs, 151 AD3d 1438, 1439 [2017] [internal quotation marks and citations omitted]; accord Matter of United Helpers Care, Inc. v Molik, 164 AD3d 1029, 1032 [2018]).
Petitioner, as an OPWDD employee working directly with service recipients, was a mandated reporter (see Social Services Law § 488 [2], [5]), meaning that she was required to report certain conduct to the Vulnerable Persons' Central Register (see Social Services Law § 488 [1]). Under the statute, a "[r]eportable incident" includes psychological abuse, which is defined to encompass, among other things, "intimidation, threats, . . . taunts, derogatory comments or ridicule" (Social Services Law § 488 [1] [c]). The definition of a reportable incident also includes obstruction of reporting a reportable incident, which, as relevant here, may occur when a mandated reporter "fail[s] to report a reportable incident upon discovery" (Social Services Law § 488 [1] [f]).
An investigator testified that the guardian had reported that petitioner "informed staff at the meeting that she witnessed [the other employee's] actions to be abusive." Another attendee similarly noted that petitioner reported at the meeting that the service recipient was being "psychologically abused" by the other employee. Petitioner apparently acknowledged that this behavior had been ongoing for months, but she had never reported it. The guardian testified that the result of the meeting was a consensus by the staff present that the other employee's behavior was abusive. The evidence at the hearing established that the service recipient reported to petitioner every time the other employee was "rude" to him over the course of six months, and petitioner did not act on this information. By petitioner's own testimony, she saw the other employee shout at and belittle the service recipient, yet she reported nothing. Although petitioner disputed the characterizations of her statements at the meeting or that she thought the other employee was abusive, and offered many reasons as to why she did not act on her observations, respondent was free to make credibility determinations and credit contrary testimony, as "it is the responsibility of [respondent] to weigh the evidence and choose from among competing inferences therefrom" (Matter of Watson v New York State Justice Ctr. for the Protection of People with Special Needs, 152 AD3d at 1024 [internal quotation marks and citation omitted]; see Matter of Roberts v New York State Justice Ctr. for the Protection of People with Special Needs, 152 AD3d at 1024).
We reject petitioner's contention that obstruction of reporting cannot be substantiated against her since the underlying allegations of abuse against the other employee were not substantiated. Pursuant to statute, reportable incidents must be reported when they are "suspected," rather than confirmed (Social Services Law § 491 [1] [b]). Furthermore, as it is possible that obstruction in reporting an incident may prevent respondent from being able to substantiate the underlying incident, it is logical and justifiable to hold a mandated reporter accountable for failing to report a suspected incident regardless of the ultimate classification of the underlying incident. Thus, substantial evidence supports respondent's determination to substantiate the allegation against petitioner for failure to report suspected abuse (see Matter of Stewart v New York State Justice Ctr. for the Protection of People with Special Needs, 173 AD3d at 1414).
Clark, J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Although petitioner retired from OPWDD while the administrative proceeding was pending, and the substantiated report of a category three finding of abuse has been sealed pursuant to statute based on the passage of time (see Social Services Law § 493 [4] [c]), this proceeding is not moot because the substantiated finding — though sealed — still remains and its existence may affect petitioner, such as in her attempts to secure future employment.