Matter of Salu v NYS Justice Ctr. for the Protection of People with Special Needs (2021 NY Slip Op 00067)





Matter of Salu v NYS Justice Ctr. for the Protection of People with Special Needs


2021 NY Slip Op 00067


Decided on January 7, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 7, 2021

530535

[*1]In the Matter of Rotimi Salu, Petitioner,
v
NYS Justice Center for the Protection of People with Special Needs, Respondent.

Calendar Date: November 23, 2020

Before: Garry, P.J., Egan Jr., Mulvey and Colangelo, JJ.


Michael D. Diederich Jr., Stony Point, for petitioner.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondent.



Egan Jr., J.
Combined proceeding pursuant to CPLR article 78 and action for declaratory judgment (transferred to this Court by order of the Supreme Court, entered in Albany County) to, among other things, review a determination of respondent denying petitioner's request to amend and seal a report of neglect.
Petitioner was employed as a patient care technician in the adolescent psychiatric department of the Westchester Medical Center (hereinafter the facility), a facility licensed by the Office of Mental Health. In May 2015, petitioner was assigned to supervise G.G., a service recipient who suffered from certain mental health diagnoses and presented a risk of self-mutilation and verbalized suicidal ideation. As petitioner was walking the hallway of the facility with G.G., he left G.G. alone in the hallway and entered the room of T.S., another service recipient, whereupon a physical altercation ensued between petitioner and T.S. As a result of this altercation, respondent received a report alleging that petitioner had (1) physically abused T.S. and (2) neglected G.G. by failing to provide proper supervision. Following an investigation,[FN1] in March 2017, respondent issued a report finding that the allegation of physical abuse against T.S. was unsubstantiated but determining that petitioner's conduct with respect to G.G. constituted category three neglect (see Social Services Law § 493 [4] [c]).[FN2] Petitioner's subsequent request to amend the report to an unsubstantiated finding of neglect was denied and the matter was referred for an administrative hearing. Following the hearing, an Administrative Law Judge (hereinafter ALJ) issued a recommended decision finding that a preponderance of the evidence established that petitioner had committed category three neglect against G.G. Respondent adopted the recommended decision in its entirety. Petitioner thereafter commenced this combined CPLR article 78 and action for declaratory judgment, which was subsequently transferred to this Court.
Initially, although petitioner styled certain of his requests as ones seeking declaratory relief, a review of the petition/complaint demonstrates that they are challenges to the procedures underlying respondent's determinations and, therefore, are "properly the subject of a CPLR article 78 proceeding" (Dolce-Richard v New York City Health & Hosps. Corp., 149 AD3d 903, 904 [2017]; see CPLR 7803 [3]; Matter of Shore Winds, LLC v Zucker, 179 AD3d 1208, 1211 [2020], lv denied 35 NY3d 914 [2020]; Matter of Adirondack Med. Ctr.-Uihlein v Daines, 119 AD3d 1175, 1176 [2014]). Petitioner accordingly has an adequate remedy in the form of a CPLR article 78 proceeding and is not entitled to declaratory relief (see Greystone Mgt. Corp. v Conciliation & Appeals Bd. of City of N.Y., 62 NY2d 763, 765 [1984]; Matter of Shore Winds, LLC v Zucker, 179 AD3d at 1211).[FN3]
Turning to the merits, "[a]n administrative determination following an evidentiary hearing required by law must be supported by [*2]substantial evidence" and, if that evidence is present in the record, this Court cannot substitute its judgment for that of respondent (Matter of Taylor v Justice Ctr. for the Protection of People with Special Needs, 182 AD3d 815, 817 [2020]; see CPLR 7803 [4]; Matter of Perez v New York State Justice Ctr. for the Protection of People with Special Needs, 170 AD3d 1290, 1291 [2019], lv denied 34 NY3d 903 [2019]). Here, respondent proffered the testimony of its investigator, through whom it admitted into evidence 31 exhibits, including, among other things, a copy of the facility's "constant observation" policy, still photographs depicting the incident, supporting depositions of the subject service recipients and 11 staff members of the facility, and a video of petitioner's police interrogation.
The hearing evidence established that, on the day in question, petitioner was assigned to provide one-to-one constant observation of G.G. Under the facility's constant observation policy, a patient care technician who is assigned to one-to-one constant observation of a service recipient is required to have "eyes on" the service recipient at all times when he or she is awake or outside of his or her room, meaning that the patient care technician "must be able to see an unobstructed view of the [service recipient's] body length, not just a part of [his or her] body." Petitioner was walking in the hallway of the facility a few feet in front of G.G. such that he did not have direct observation of him. As petitioner passed the room of T.S., he paused, looked into the room and then entered it, leaving G.G. alone in the hallway and out of his view. The unit chief of the adolescent inpatient psychiatric unit, a doctor, indicated in her supporting deposition that she viewed the video of the incident and observed petitioner leaving his one-to-one service recipient alone in the hallway "in violation of protocol."
Contrary to petitioner's contention, administrative hearings are not bound by the traditional rules of evidence, and an administrative determination may be based entirely on hearsay testimony, which "if sufficiently relevant and probative [could] constitute substantial evidence even if contradicted by live testimony on credibility grounds" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1046 [2018]; accord Matter of Perez v New York State Justice Ctr. for Protection of People with Special Needs, 170 AD3d at 1291; see Matter of Watson v New York State Justice Ctr. for the Protection of People with Special Needs, 152 AD3d 1025, 1027 [2017]). Here, although petitioner testified in his own defense, his account did not contradict or challenge the account set forth by the investigator in his report and his testimony at the hearing, and petitioner admitted during his police interview that he exercised "bad judgment" and violated protocol by leaving G.G. alone in the hallway. Petitioner also acknowledged that, inasmuch as G.G. had exhibited self[*3]-injurious behavior and verbalized suicidal ideations, his conduct placed G.G. in potential danger. Based on the foregoing, we are satisfied that the investigator's hearsay account of the incident, which was corroborated by still photographs and numerous supporting depositions from facility staff, coupled with petitioner's admissions, provided the requisite substantial evidence to support respondent's finding that petitioner neglected a service recipient and that such neglect constituted category three neglect (see Social Services Law §§ 488 [1] [h]; 493 [4] [c]; Matter of Perez v New York State Justice Ctr. for Protection of People with Special Needs, 170 AD3d at 1292; Matter of Watson v New York State Justice Ctr. for the Protection of People with Special Needs, 152 AD3d at 1027; Matter of Roberts v New York State Justice Ctr. for the Protection of People with Special Needs, 152 AD3d 1021, 1024-1025 [2017]).
Finally, although petitioner argued at the administrative level that he had not received adequate notice of the charges against him as a matter of due process and objected to the testimony of respondent's investigator on hearsay grounds, he did not attack the conduct of the investigator or subsequent administrative hearing on due process grounds, nor did he make any effort to subpoena or call the service recipients or any other facility staff to testify at the hearing or claim the right to cross-examine them. Thus, having failed to raise these issues at a time when they could have been addressed, his present attempts to do so are unpreserved for our review (see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]; Matter of Haug v State Univ. of N.Y. at Potsdam, 166 AD3d 1404, 1405 [2018]; Matter of Currie v New York State Bd. of Parole, 298 AD2d 805, 806 [2002]). To the extent not specifically addressed, petitioner's remaining contentions have been reviewed and found to be without merit.
Garry, P.J., Mulvey and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: The local police also investigated the incident and no criminal charges were filed.

Footnote 2: Substantiated reports of abuse or neglect must be categorized into one or more of four categories. "Category one conduct is serious physical abuse, sexual abuse or other serious conduct by custodians" (Social Services Law § 493 [4] [a]). "Category two is substantiated conduct by custodians that is not otherwise described in category one, but conduct in which the custodian seriously endangers the health, safety or welfare of a service recipient by committing an act of abuse or neglect" (Social Services Law § 493 [4] [b]). Category three conduct "is abuse or neglect by custodians that is not otherwise described in categories one and two"; if such a finding is made, the report of such "shall be sealed after five years" (Social Services Law § 493 [4] [c]). Category four conduct involves "conditions at a facility or provider agency that expose service recipients to harm or risk of harm where staff culpability is mitigated by systemic problems such as inadequate management, staffing, training or supervision" and also includes "instances in which it has been substantiated that a service recipient has been abused or neglected, but the perpetrator of such abuse or neglect cannot be identified" (Social Services Law § 493 [4] [d]).

Footnote 3: Given our holding, as petitioner's claims only pertain to a CPLR article 78 proceeding, Supreme Court appropriately transferred the entire matter to this Court (see CPLR 7804 [g]; compare Matter of Paladino v Board of Educ. for the City of Buffalo Pub. Sch. Dist., 183 AD3d 1043, 1052 [2020]).