Matter of Lynch v NYS Justice Ctr. for the Protection of People with Special Needs (2021 NY Slip Op 00068)





Matter of Lynch v NYS Justice Ctr. for the Protection of People with Special Needs


2021 NY Slip Op 00068


Decided on January 7, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 7, 2021

530536

[*1]In the Matter of Gerard M. Lynch, Petitioner,
v
NYS Justice Center for the Protection of People with Special Needs, Respondent.

Calendar Date: November 23, 2020

Before: Garry, P.J., Egan Jr., Mulvey and Colangelo, JJ.


Michael D. Diederich Jr., Stony Point, for petitioner.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondent.



Egan Jr., J.
Combined proceeding pursuant to CPLR article 78 and action for declaratory judgment (transferred to this Court by order of the Supreme Court, entered in Albany County) to, among other things, review a determination of respondent denying petitioner's request to amend and seal a report of sexual abuse and neglect.
Petitioner worked as a chemical dependency counselor for a state-licensed substance abuse treatment program. After a report was made to the Vulnerable Persons' Central Register that petitioner had groped and sexually harassed one of the patients on the program's inpatient unit in 2014 and that several mandated reporters had failed to report that conduct earlier (see Social Services Law §§ 488, 491), respondent commenced an investigation in 2015. In the course of that investigation, which included a review of program records, as well as interviews with petitioner, past and current program employees and the patient involved in the reported incidents, proof was uncovered regarding petitioner's sexual harassment and abuse of a second patient. The result of the investigation, as is relevant here, was that the allegations regarding petitioner's sexual abuse and neglect of the two service recipients were deemed substantiated.
Petitioner was notified of those findings and advised that, because sexual abuse was "[c]ategory one" conduct, he would be permanently placed on the Vulnerable Persons' Central Register's staff exclusion list and barred from caring for any vulnerable persons (Social Services Law § 493 [5] [a]; see Social Services Law §§ 493 [4] [a]; 495 [3]). His request that the reports be amended to unsubstantiated was rejected, and the matter proceeded to an administrative hearing. Following the hearing, an Administrative Law Judge (hereinafter ALJ) issued a recommended decision finding that a preponderance of the evidence established that petitioner had committed the alleged conduct. Respondent adopted the recommended decision in its entirety, prompting petitioner to commence this combined CPLR article 78 proceeding and declaratory judgment action. Supreme Court transferred the matter to this Court (see CPLR 7804 [g]), and we confirm.
Initially, although petitioner styled some of his requests as ones for declaratory relief, a review of the petition/complaint reveals that they are challenges to the procedures underlying respondent's determination that are "properly the subject of a CPLR article 78 proceeding" (Dolce-Richard v New York City Health & Hosps. Corp., 149 AD3d 903, 904 [2017]; see CPLR 7803 [3]; Matter of Shore Winds, LLC v Zucker, 179 AD3d 1208, 1211 [2020], lv denied 35 NY3d 914 [2020]; Matter of Adirondack Med. Ctr.-Uihlein v Daines, 119 AD3d 1175, 1176 [2014]). Petitioner accordingly had an adequate remedy in the form of a CPLR article 78 proceeding and is not entitled to any declaratory relief (see Greystone Mgt. Corp. v Conciliation & Appeals Bd. of City of N.Y., 62 NY2d 763, 765 [1984]; Matter of Shore Winds[*2], LLC v Zucker, 179 AD3d at 1211).[FN1]
Turning to the merits, "[a]n administrative determination following an evidentiary hearing required by law must be supported by substantial evidence" and, if that evidence is present in the record, this Court cannot substitute its judgment for that of respondent (Matter of Taylor v Justice Ctr. for the Protection of People with Special Needs, 182 AD3d 815, 817 [2020]; see CPLR 7803 [4]; Matter of Perez v New York State Justice Ctr. for the Protection of People with Special Needs, 170 AD3d 1290, 1291 [2019], lv denied 34 NY3d 903 [2019]). Respondent here presented the testimony of its investigator, through which it placed into evidence exhibits such as petitioner's employment records documenting prior issues with his conduct, letters from the two service recipients complaining of his behavior toward them, and recordings of interviews with the two service recipients and several program employees. In her written and oral statements, the first service recipient described how petitioner had, among other things, groped her buttocks and made lewd comments to her while she was a patient on the unit. The second service recipient, in turn, made statements in which she corroborated some of the first service recipient's account and described how petitioner had also made sexually charged comments to her and tried to rub her buttocks. Contrary to petitioner's contention, the hearsay accounts of the two service recipients were admissible and, "if sufficiently relevant and probative," could "constitute substantial evidence even if contradicted by live testimony on credibility grounds" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1046 [2018]; accord Matter of Perez v New York State Justice Ctr. for Protection of People with Special Needs, 170 AD3d at 1291; Matter of Watson v New York State Justice Ctr. for the Protection of People with Special Needs, 152 AD3d 1025, 1027 [2017]).
Petitioner did present proof that challenged those accounts and called the adequacy of respondent's investigation into question, including his own testimony that he had done nothing wrong and the testimony of other employees on the unit that they were unaware of his alleged misbehavior. Nevertheless, that proof only raised a credibility issue that respondent was free to, and did, resolve against petitioner (see Matter of Roberts v New York State Justice Ctr. for the Protection of People with Special Needs, 152 AD3d 1021, 1024 [2017]). In view of the similar and partially corroborating hearsay accounts of the service recipients, their prompt complaints about petitioner's conduct, and the proof reflecting that petitioner had previously engaged in inappropriate, if not overtly sexual, behavior toward both patients and staff, we are satisfied that "the hearsay evidence in the record was sufficiently reliable to provide substantial evidence to support [respondent]'s determination" (Matter of Watson v New York State Justice Ctr. for [*3]the Protection of People with Special Needs, 152 AD3d at 1027; see Matter of Perez v New York State Justice Ctr. for Protection of People with Special Needs, 170 AD3d at 1291; Matter of Roberts v New York State Justice Ctr. for the Protection of People with Special Needs, 152 AD3d at 1024-1025).
Finally, petitioner argued at the administrative level that he had not received adequate notice of the charges against him as a matter of due process, then objected to the testimony of respondent's investigator regarding his conversation with one of the service recipients on hearsay grounds. However, he did not attack the conduct of the investigator or subsequent administrative hearing on due process grounds, nor did he make any effort at the hearing to either call the service recipients to testify or claim the right to cross-examine them. Thus, having failed to raise those issues at a time when they could have been addressed, his present attempts to do so are unpreserved for our review (see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]; Matter of Haug v State Univ. of N.Y. at Potsdam, 166 AD3d 1404, 1405 [2018]; Matter of Currie v New York State Bd. of Parole, 298 AD2d 805, 806 [2002]). To the extent not specifically addressed, petitioner's remaining contentions have been reviewed and found to be without merit.
Garry, P.J., Mulvey and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Given our holding, as petitioner's claims only pertain to a CPLR article 78 proceeding, Supreme Court appropriately transferred the entire matter to this Court (see CPLR 7804 [g]; compare Matter of Paladino v Board of Educ. for the City of Buffalo, Pub. Sch. Dist., 183 AD3d 1043, 1052 [2020]).