Matter of Shanahan v Justice Ctr. for the Protection of People with Special Needs (2021 NY Slip Op 05761)





Matter of Shanahan v Justice Ctr. for the Protection of People with Special Needs


2021 NY Slip Op 05761


Decided on October 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 21, 2021

532004
[*1]In the Matter of Aaron Shanahan, Petitioner,
v
Justice Center for the Protection of People with Special Needs, Respondent.

Calendar Date:September 17, 2021

Before:Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.

Rupp Baase Pfalzgraf Cunningham LLC, Saratoga Springs (Phillip A. Oswald of counsel), for petitioner.
Letitia James, Attorney General, Albany (Kevin C. Hu of counsel), for respondent.



Pritzker, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's request to amend and seal a report of sexual abuse and neglect.
Petitioner was employed as a patient care technician at Lake Shore Behavioral Health Center, a treatment facility licensed by the Office of Mental Health. On the morning of June 15, 2017, a service recipient reported to facility staff that petitioner entered her room several times the previous night and sexually abused her. Following an investigation, respondent found the report to be substantiated and that petitioner committed category one sexual abuse and category two neglect. Petitioner requested to amend the report to unsubstantiated and seal the matter, which was denied by respondent's Administrative Appeals Unit, and the matter was therefore referred for an administrative hearing. After a hearing, at which petitioner represented himself, an Administrative Law Judge (hereinafter ALJ) issued a recommended decision finding that respondent proved by a preponderance of the evidence that petitioner committed category one sexual abuse and category two neglect. Respondent adopted the ALJ's recommended decision in its entirety and accordingly denied petitioner's request to amend and seal the substantiated report. Petitioner then commenced this CPLR article 78 proceeding to challenge that determination, respondent joined issue, and the proceeding was transferred to this Court (see CPLR 7804 [g]).
Petitioner contends that respondent's determination is not supported by substantial evidence as it is solely based on uncorroborated hearsay that is seriously controverted by petitioner's sworn testimony. "An administrative determination following an evidentiary hearing required by law must be supported by substantial evidence" (Matter of Taylor v Justice Ctr. for the Protection of People with Special Needs, 182 AD3d 815, 817 [2020] [citations omitted]; accord Matter of Lynch v NYS Justice Ctr. for the Protection of People with Special Needs, 190 AD3d 1063, 1064 [2021], lv denied 37 NY3d 903 [2021]). "If substantial evidence is present in the record, this Court cannot substitute its own judgment for that of the respondent, even if a contrary result is viable" (Matter of Taylor v Justice Ctr. for the Protection of People with Special Needs, 182 AD3d at 817 [internal quotation marks and citations omitted]; see Matter of Salu v NYS Justice Ctr. for the Protection of People with Special Needs, 190 AD3d 1059, 1061 [2021], lv denied 37 NY3d 903 [2021]). "Moreover, hearsay is admissible as competent evidence in an administrative proceeding, and if sufficiently relevant and probative may constitute substantial evidence even if contradicted by live testimony on credibility grounds" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1046 [2018] [citations omitted]; accord Matter of Perez v New York [*2]State Justice Ctr. for the Protection of People with Special Needs, 170 AD3d 1290, 1291 [2019], lv denied 24 NY3d 903 [2019]), so long as the hearsay "is not otherwise seriously controverted" (Matter of Watson v New York State Justice Ctr. for the Protection of People with Special Needs, 152 AD3d 1025, 1027 [2017] [internal quotation marks and citations omitted]; see Matter of Agudio v State Univ. of N.Y., 164 AD3d 986, 988 [2018]).
At the start of the administrative hearing, the ALJ accepted into evidence, without objection from petitioner, respondent's offer of 21 exhibits, including the initial report of the subject incident to respondent, respondent's investigation report, multiple witness statements, photographs, surveillance videos from the facility, the facility's rounds sheet from the night of the incident and recorded interviews of petitioner, the service recipient and other witnesses. An investigator for respondent also testified regarding the investigation that took place. To that end, the service recipient made statements regarding petitioner's conduct both the morning after the incident and by way of an oral statement during the investigation. In these statements, the service recipient described how petitioner had gone into her room on the night in question at least three times, during which petitioner, among other things, rubbed against the service recipient's leg in such a manner that she believed that he had an erection, placed her hand on his groin, over his clothes, to touch his erection, touched her groin over her clothes and touched her breasts both over and under her clothes. The service recipient alleged that, around 6:40 a.m., during one of petitioner's visits, he put a piece of paper containing his phone number into a book and invited her to call him after she left the facility. Surveillance videos from two motion-activated security cameras at the facility depict petitioner entering and exiting the service recipient's room 10 times during that night/early morning.
In light of the foregoing, we find respondent's determination to be supported by substantial evidence. The service recipient's oral statements were sufficiently reliable as they were corroborated by, among other things, the surveillance video and the piece of paper on which petitioner wrote his phone number (see Matter of Lynch v NYS Justice Ctr. for the Protection of People with Special Needs, 190 AD3d at 1065; Matter of Perez v New York State Justice Ctr. for the Protection of People with Special Needs, 170 AD3d at 1292). Consequently, petitioner's denials, both during the investigation and in his testimony at the hearing, that he engaged in the alleged conduct constituting abuse and neglect "only raised a credibility issue that respondent was free to, and did, resolve against petitioner" (Matter of Lynch v NYS Justice Ctr. for the Protection of People with Special Needs, 190 AD3d at 1065; see Matter of Perez v New York State Justice Ctr. for the Protection [*3]of People with Special Needs, 170 AD3d at 1292-1293). That credibility determination is entitled to deference and, in any event, is amply supported by petitioner's admissions to falsifying the rounds sheet on the night of the incident and lying to an investigator about giving his phone number to the service recipient (see Matter of Lynch v NYS Justice Ctr. for the Protection of People with Special Needs, 190 AD3d at 1065; Matter of Perez v New York State Justice Ctr. for the Protection of People with Special Needs, 170 AD3d at 1292-1293). Therefore, the above hearsay evidence was sufficiently reliable to constitute substantial evidence supporting respondent's determination (see Matter of Watson v New York State Justice Ctr. for the Protection of People with Special Needs, 152 AD3d at 1027; Matter of Cauthen v New York State Justice Ctr. for the Protection of People with Special Needs, 151 AD3d 1438, 1440-1441 [2017]).
Petitioner further contends that the failure of the service recipient and the investigator who conducted the investigation to testify at the administrative hearing violated petitioner's constitutional, statutory and regulatory right to confront and cross-examine adverse witnesses. This issue is unpreserved for our review as petitioner failed to attempt to subpoena either of these potential witnesses to testify at the administrative hearing, and he failed to object at the hearing based on an alleged violation of his right to confront or cross-examine them (see State Administrative Procedure Act §§ 304 [2]; 306 [3]; 14 NYCRR 700.9 [c] [4]; 700.10 [g]; Matter of Lynch v NYS Justice Ctr. for the Protection of People with Special Needs, 190 AD3d at 1065-1066; Matter of Salu v NYS Justice Ctr. for the Protection of People with Special Needs, 190 AD3d at 1062-1063). Even if this issue were properly before us, we would find it devoid of merit (see Matter of Gordon v Brown, 84 NY2d 574, 579 [1994]; Matter of Gray v Adduci, 73 NY2d 741, 743 [1988]; Matter of Sookhu v Commissioner of Health of State of N.Y., 31 AD3d 1012, 1014 [2006]). Petitioner's remaining contentions have been examined and found to lack merit.
Garry, P.J., Egan Jr., Lynch and Clark, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.