Matter of Buffalo Teachers Fedn., Inc. v New York State Pub. Empl. Relations Bd. (2022 NY Slip Op 04680)

Matter of Buffalo Teachers Fedn., Inc. v New York State Pub. Empl. Relations Bd.

2022 NY Slip Op 04680

Decided on July 21, 2022

Appellate Division, Third Department

Clark, J.P.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 21, 2022

533280

[*1]In the Matter of Buffalo Teachers Federation, Inc., Petitioner,
v
New York State Public Employment Relations Board et al., Respondents.

Calendar Date:June 1, 2022

Before: Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Robert T. Reilly, New York Stated United Teachers, Buffalo (Timothy Connick of counsel), for petitioner.
New York State Public Employment Relations Board, Albany (Michael T. Fois of counsel), for New York State Public Employment Relations Board, respondent.

Clark, J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board finding that petitioner, among other things, engaged in an unlawful strike.
Petitioner is a public employee organization that exclusively represents a collective bargaining unit of teachers and related professional employees employed by respondent Buffalo City School District (hereinafter the district). On March 13, 2018, an incident occurred in the parking lot area of Public School 59, a school within the district for children in grades three through eight. At dismissal time, a physical altercation occurred between Public School 59 students and two older individuals who did not attend the school. After the fight, and while fleeing police, one of the older individuals stated, "I'm coming tomorrow with a gun to shoot up this . . . f****** school," and that "[i]f you show up to work tomorrow, you're going to all die." Immediately after the incident, Nicole LaRusch — a teacher at Public School 59 and the building delegate chairperson for petitioner — announced that there was going to be a meeting in her classroom. The meeting lasted up to 30 minutes and, during that meeting or shortly thereafter, 10 teachers called out of work for the following day. Ultimately, a total of 23 teachers from Public School 59 called in sick and were absent from work the next day. The district conducted an investigation and concluded that 16 of those absent teachers had engaged in an unlawful strike.
In April 2018, the district filed with respondent Public Employment Relations Board (hereinafter PERB) a notice and charge of employee organization strike in violation of Civil Service Law § 210 (1) against petitioner. Following a hearing, an Administrative Law Judge (hereinafter ALJ) sustained the charge, determining that petitioner engaged in an unlawful strike in violation of Civil Service Law § 210 (1). PERB ultimately affirmed the ALJ's determination, finding that petitioner "engaged in, caused, encouraged, instigated, and condoned an unlawful strike by unit members." Petitioner thereafter commenced the instant CPLR article 78 proceeding, arguing that PERB's determination is not supported by substantial evidence, and Supreme Court transferred the proceeding to this Court (see CPLR 7804 [g]).
Civil Service Law article 14, known as the Taylor Law, provides that "[n]o public employee or employee organization shall engage in a strike, and no public employee or employee organization shall cause, instigate, encourage, or condone a strike" (Civil Service Law § 210 [1]). The term "strike" is statutorily defined as "any strike or other concerted stoppage of work or slowdown by public employees" (Civil Service Law § 201 [9]). When a "strike" is found to have occurred, "an employee who is absent from work without permission, or who abstains wholly or in part from the full [*2]performance of his [or her] duties in his [or her] normal manner without permission, on the date or dates when a strike occurs, shall be presumed to have engaged in such strike on such date or dates" (Civil Service Law § 210 [2] [b]). Where, as here, an administrative determination was "made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law," our review is limited to whether that determination is "supported by substantial evidence" (CPLR 7803 [4]; see Matter of Albany Police Officers Union, Local 2841, Law Enforcement Officers Union Dist. Council 82, AFSCME, AFL-CIO v New York Pub. Empl. Relations Bd., 149 AD3d 1236, 1238 [2017]). "[T]he substantial evidence standard is a minimal standard" that is "less than a preponderance of the evidence, and demands only that a given inference is reasonable and plausible, not necessarily the most probable" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045-1046 [2018] [internal quotation marks and citations omitted]; see Matter of Preece v New York State Justice Ctr. for the Protection of People with Special Needs, 176 AD3d 1365, 1367 [2019]). "[I]t is the responsibility of the administrative agency to weigh the evidence and choose from among competing inferences therefrom and, so long as the inference drawn and the ultimate determination made are supported by substantial evidence, it is not for the court to substitute its judgment for that of the administrative agency" (Matter of Watson v New York State Justice Ctr. for the Protection of People with Special Needs, 152 AD3d 1025, 1026 [2017] [internal quotation marks and citations omitted]; see Matter of Albany Police Officers Union, Local 2841, Law Enforcement Officers Union Dist. Council 82, AFSCME, AFL-CIO v New York Pub. Empl. Relations Bd., 149 AD3d at 1238).
The evidence credited by PERB established that, following the altercation, LaRusch, who was understandably upset by the violent and chaotic incident, called a meeting of the teachers, during which she and others discussed what had occurred during dismissal and their related school safety concerns. LaRusch testified that she announced at the meeting that, for her "own emotional well-being," she was not coming to school the following day and that she advised others to use a sick day, rather than a personal day, if they also "wish[ed] to take the day off." The evidence, including text messages sent through a unified text message communication platform, established that LaRusch communicated with petitioner's unit members at Public School 59 throughout the evening, stating that anyone who was planning to be absent should take a sick day and not a personal day, advising teachers on what to do if contacted by school officials regarding his/her absence and providing updates on the number of teachers who planned to be absent the following day. Additionally, a representative for a teacher's aide union at Public School 59 testified that LaRusch [*3]directed her to "tell [her] aides and assistants to call off the next day because that's what the teachers [were] planning on doing." According to the teacher's aide union representative, LaRusch stated that they were calling out sick because "the principal didn't care about [their] safety" and that they were sending a message to "downtown" — meaning the district's headquarters — so that they could "get resource officers in the school." In our view, the foregoing evidence amply supports the conclusion that, in violation of the Taylor Law, LaRusch and the 15 other absent teachers engaged in a concerted slowdown or stoppage of work as part of a coordinated effort to obtain a safer work environment (see Civil Service Law §§ 201 [9]; 210 [1]; Matter of Acosta v Wollett, 77 AD2d 769, 770-771 [1980], affd 55 NY2d 761 [1981]). To the extent that PERB and/or the ALJ stated that a finding of an unlawful strike may be negated by a "justification defense" or excepted by a "bona fide fear of personal injury," we do not find such a defense or exception to have been created by the Taylor Law or related case law (see Matter of Local 252, Transp. Workers Union of Am., AFL-CIO v New York State Pub. Empl. Relations Bd., 58 NY2d 354, 364 [1983]).
As for PERB's finding that petitioner caused, instigated, encouraged, or condoned the strike in violation of Civil Service Law § 210 (1), the record evidence establishes that LaRusch was petitioner's agent and primary representative at Public School 59. Indeed, as the building delegate chairperson, LaRusch routinely accompanied and represented unit faculty members in meetings with the principal of Public School 59 on issues arising under petitioner's agreement with the district and, in her words, acted as a "mentor" to teachers at Public School 59. As demonstrated by the evidence, petitioner's president and a New York State United Teachers labor relations specialist assigned to petitioner each spoke with LaRusch on the evening of March 13, 2018 and thereafter discussed the concern that LaRusch's actions could be construed as organizing an unlawful strike. However, neither individual took any affirmative steps to contact petitioner's unit members at Public School 59 to make clear that petitioner was not causing, instigating, encouraging or condoning a strike. Although they instructed LaRusch to "make it clear" that she was not directing anyone else to be absent, they did not ensure that LaRusch did as directed by clearly communicating that message on petitioner's behalf. Deferring to PERB's credibility determinations, we find that, although there is evidence that could support an alternate conclusion, there is substantial evidence in the record to support PERB's determination that petitioner caused, encouraged, instigated, and/or condoned an unlawful strike by 16 of its unit members at Public School 59 (see Civil Service Law § 201 [9]). Accordingly, there is no basis upon which to disturb the determination.
Pritzker[*4], Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.