Matter of Autz v New York State Justice Ctr. for the Protection of People with Special Needs (2023 NY Slip Op 01926)

Matter of Autz v New York State Justice Ctr. for the Protection of People with Special Needs

2023 NY Slip Op 01926

Decided on April 13, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 13, 2023

534463
[*1]In the Matter of Sarah Autz, Petitioner,
v
New York State Justice Center for the Protection of People with Special Needs, Respondent.

Calendar Date:February 16, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Weiss Zarett Brofman Sonnenklar & Levy, PC, New Hyde Park (Lisa A. Giunta-Popeil of counsel), for petitioner.
Letitia James, Attorney General, Albany (Joseph M. Spadola of counsel), for respondent.

Egan Jr., J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's request to amend and seal a report of abuse and neglect.
From November 2018 to April 2019, petitioner worked as a mental health technician at a Manhattan transitional living facility that is licensed by the Office of Mental Health. On April 25, 2019, shortly after petitioner resigned, a report was made to the Vulnerable Persons' Central Register that she had been in a sexual relationship with a service recipient who was part of her case load until March 2019. At the conclusion of the ensuing investigation, respondent notified petitioner that it had found the report to be substantiated and that she had committed category one sexual abuse by engaging in sexual contact and/or sexual conduct with the service recipient in violation of Penal Law article 130 and, further, category two neglect by failing to maintain professional boundaries with the service recipient (see Social Services Law § 493 [4] [a] [v]; [b]).
Petitioner's request to amend the report to unsubstantiated was denied, after which the matter proceeded to an administrative hearing. Following that hearing, an Administrative Law Judge (hereinafter ALJ) found that respondent had proven by a preponderance of the evidence that petitioner had committed the alleged sexual abuse and neglect. Respondent adopted the ALJ's recommended decision in its entirety, prompting petitioner to commence this CPLR article 78 proceeding. Supreme Court transferred the matter to this Court (see CPLR 7804 [g]), and we confirm.
At the outset, we reject petitioner's contention that respondent's determination is not supported by substantial evidence. It is well established that "an administrative determination following an evidentiary hearing required by law must be supported by substantial evidence and, if that evidence is present in the record, this Court cannot substitute its judgment for that of respondent" (Matter of Lynch v NYS Justice Ctr. for the Protection of People with Special Needs, 190 AD3d 1063, 1064 [3d Dept 2021] [internal quotation marks, brackets and citation omitted], lv denied 37 NY3d 903 [2021], cert denied ___ US ___, 142 S Ct 800 [2022]; see CPLR 7803 [4]; Matter of Shanahan v Justice Ctr. for the Protection of People with Special Needs, 198 AD3d 1157, 1158 [3d Dept 2021]). Of particular relevance here, "hearsay is admissible as competent evidence in an administrative proceeding, and if sufficiently relevant and probative may constitute substantial evidence even if contradicted by live testimony on credibility grounds, so long as the hearsay is not otherwise seriously controverted" (Matter of Shanahan v Justice Ctr. for the Protection of People with Special Needs, 198 AD3d at 1159 [internal quotation marks and citations omitted]; see Matter of Brownell v New York State Justice Ctr. for the Protection of People [*2]with Special Needs, 212 AD3d 998, 1002-1003 [3d Dept 2023]).
Turning to the hearing evidence, respondent documented its investigation into the report of petitioner's behavior via exhibits that included recorded interviews with the service recipient, other service recipients and petitioner's coworkers and supervisors, petitioner's personal telephone records documenting the contact between her and the service recipient, and relevant portions of both petitioner's employment records and the service recipient's medical records. Respondent did not present the testimony of the investigator who handled the inquiry, as she was no longer working for it, but did provide the testimony of a supervising investigator who had reviewed the case file. Respondent further presented the testimony of the clinic supervisor at the facility during the relevant period, who gave, among other things, an account of petitioner's professional responsibilities and her work performance, as well as his assessment of the service recipient's mental state and drug use during the relevant period.
The foregoing included a recorded interview with the service recipient in which he described how petitioner started spending time with him in his room at the facility in January 2019 and how they developed a personal relationship that turned sexual.[FN1] He stated that they had sex in his room at the facility, as well as at her apartment, on multiple occasions, and he detailed how he took the J train to the Myrtle Avenue station in Brooklyn to get to her place. A variety of other evidence lent credence to the service recipient's claims. For instance, records of the service recipient's April 2019 hospitalization reflected that he was sexually active and that petitioner, whom he told medical staff was "his girlfriend," visited him on April 4, 2019. The investigator also interviewed staff and other service recipients at the facility, and those interviews revealed that petitioner was often "nowhere to be found" when she was on duty and that she spent a great deal of time with the service recipient, including in his room with the door closed. Petitioner also gave the service recipient her personal telephone number, and her telephone records show that 320 telephone calls were placed between her and the service recipient from January 2019 to April 2019. The testimony of the clinic supervisor, interviews with clinic staff and petitioner's employment records further reflected that petitioner's behavior in spending an inordinate amount of time alone with the service recipient, giving him her personal telephone number and visiting him in the hospital without authorization all violated professional boundaries, and both that testimony and petitioner's employment records reflected that her behavior led to warnings by her supervisors and the eventual removal of the service recipient from her case load in March 2019.
Petitioner, in response, gave hearing testimony in which she denied having a sexual relationship [*3]with the service recipient and primarily suggested — with supporting testimony from a substance abuse counselor who had never met the service recipient and whose license had expired — that the service recipient was delusional given his medication regimen and his illicit drug use. The clinic supervisor denied that the service recipient was delusional, however, and the service recipient's facility and medical records gave no reason to believe that he was not ordinarily lucid. Petitioner further corroborated several aspects of the service recipient's account in her testimony, including that she had been alone in his room with the door closed, that she had given him her telephone number and visited him at the hospital, and that he had visited her apartment (according to her, unannounced) on at least one occasion. In view of that corroboration, as well as the other proof in the record that backed up aspects of the service recipient's account, we are satisfied that his hearsay account "was sufficiently reliable to provide substantial evidence to support [respondent]'s determination" (Matter of Watson v New York State Justice Ctr. for the Protection of People with Special Needs, 152 AD3d 1025, 1027 [3d Dept 2017]; accord Matter of Lynch v NYS Justice Ctr. for the Protection of People with Special Needs, 190 AD3d at 1065; see Matter of Perez v New York State Justice Ctr. for the Protection of People with Special Needs, 170 AD3d 1290, 1292 [3d Dept 2019], lv denied 34 NY3d 903 [2019]). The ALJ was accordingly free to credit that account and the proof of petitioner's violation of professional boundaries over her partially conflicting testimony and, according deference to the ALJ's decision to do so, we are satisfied that substantial evidence supports respondent's determination that petitioner had committed sexual abuse and neglect as alleged (see Matter of Shanahan v Justice Ctr. for the Protection of People with Special Needs, 198 AD3d at 1159-1160; Matter of Lynch v NYS Justice Ctr. for the Protection of People with Special Needs, 190 AD3d at 1064-1065; Matter of Perez v New York State Justice Ctr. for the Protection of People with Special Needs, 170 AD3d at 1292-1293).
Petitioner's procedural arguments may be dealt with quickly. Petitioner contends that her constitutional and statutory rights were violated by the failure to present the testimony of the investigator who handled the report of her alleged misconduct or the service recipient, as well as by the failure to give adequate notice of the facts underlying the allegation of sexual abuse against her. The record reflects that petitioner did not raise those objections at the hearing, however, and they are therefore unpreserved and cannot be considered (see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]; Matter of Shanahan v Justice Ctr. for the Protection of People with Special Needs, 198 AD3d at 1160; Matter of Lynch v NYS Justice Ctr. for the Protection of People with Special [*4]Needs, 190 AD3d at 1066).[FN2] Finally, the record does not support petitioner's suggestion that the ALJ drew an adverse inference against her for declining to participate in the initial investigation and, assuming that the issue is properly before us, respondent was free to reference that fact at the hearing since "silence in the face of accusation is a relevant fact not barred from evidence" in administrative proceedings (Baxter v Palmigiano, 425 US 308, 319 [1976]; accord Matter of Steiner v DeBuono, 239 AD2d 708, 710 [3d Dept 1997], lv denied 90 NY2d 808 [1997]). Petitioner's remaining contentions, to the extent that they are preserved, are lacking in merit.
Clark, Pritzker, Ceresia and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Although the service recipient was an adult, he could not consent to sexual activity with petitioner given her status as an employee at the facility where he resided, and her engaging in sexual intercourse with him would therefore constitute both the crime of rape in the third degree (see Penal Law §§ 130.05 [3] [i]; 130.25 [1]) and sexual abuse within the meaning of Social Services Law § 490 (4) (a) (v).

Footnote 2: Although the record shows that counsel for petitioner did inquire about the investigator's whereabouts prior to the hearing, it does not show what efforts were thereafter made to secure the investigator's testimony, nor does it reflect that petitioner objected to the failure of those efforts or complained about her inability to confront and cross-examine the investigator at the hearing. Accordingly, "having failed to raise those issues at a time when they could have been addressed, [petitioner's] present attempts to do so are unpreserved for our review" (Matter of Lynch v NYS Justice Ctr. for the Protection of People with Special Needs, 190 AD3d at 1066).