Matter of Minckler v Sullivan County (2023 NY Slip Op 02729)

Matter of Minckler v Sullivan County

2023 NY Slip Op 02729

Decided on May 18, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 18, 2023

535390 
[*1]In the Matter of Gerald Minckler, Petitioner,
v
Sullivan County et al., Respondents.

Calendar Date:March 27, 2023

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Tully Rinckey, PLLC, Albany (Adam P. Grogan of counsel), for petitioner.
Michael F. McGuire, County Attorney, Monticello (Thomas J. Cawley of counsel), for respondent.

Reynolds Fitzgerald, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent Sheriff of Sullivan County terminating petitioner's employment.
Petitioner was a jail division deputy sheriff/sergeant for respondent Sullivan County. In November 2020, petitioner was served with a notice and statement of charges, containing six charges of misconduct for alleged violations of the County's sexual harassment policy and of respondent Sullivan County Sheriff's Office's Rules, Regulations and Code of Conduct. Petitioner denied the charges and demanded a hearing pursuant to Civil Service Law § 75. Following a disciplinary hearing, respondents withdrew charge three. The Hearing Officer concluded that the remaining charges were founded and ultimately recommended that petitioner's employment be terminated. On March 19, 2021, respondent Sullivan County Sheriff reviewed the record and Hearing Officer's recommendation, found petitioner guilty of the five remaining charges of misconduct and terminated his employment.
In July 2021, petitioner commenced this CPLR article 78 proceeding in Supreme Court seeking annulment of the determination, reinstatement to his position and back pay to the date of his termination. Respondents moved pre-answer to dismiss the petition. Supreme Court (Schick, J.) denied respondents' motion, allowed them to answer and transferred the proceeding to this Court (see CPLR 7804 [g]).
Contrary to petitioner's arguments, we find that the charges are supported by substantial evidence.[FN1] "Pursuant to Civil Service Law § 75 (1), a civil service employee shall not be removed or otherwise subjected to any disciplinary penalty except for incompetency or misconduct shown after a hearing upon stated charges" (Matter of Blamah v New York Off. of the State Comptroller, 207 AD3d 905, 906 [3d Dept 2022] [internal quotation marks, ellipsis and citations omitted]; see Matter of Kohn v County of Sullivan, 214 AD3d 1058, 1059 [3d Dept 2023]). " 'The standard of review of such a determination made after a disciplinary hearing is whether it is supported by substantial evidence' " (Matter of Kiyonaga v New York State Justice Ctr. for the Protection of People with Special Needs, 204 AD3d 1351, 1353 [3d Dept 2022], quoting Matter of Scuderi-Hunter v County of Delaware, 202 AD3d 1309, 1314 [3d Dept 2022], lv denied 39 NY3d 903 [2022]).
The disciplinary hearing consisted of the testimony of four witnesses — two female deputies, the County's Commissioner of Human Resources and the County's undersheriff; the receipt of 13 exhibits offered by respondents including the statement of charges, the County's employee handbook, the County's sexual harassment policy, the Sheriff's Office's Rules and Regulations; and 15 character letters offered by petitioner. The first deputy's testimony included her account of an incident outside of the workplace wherein petitioner, who appeared intoxicated [*2]and was armed, grabbed her breast in an effort to, as he explained, "see if they were real." He further stated that he "wasn't getting any at home and had to look somewhere else." She further testified that petitioner threatened her at the workplace, stating, "I'll shoot your dogs and take what I want from you." A second deputy testified that petitioner put his hand into her hip pocket and reached up toward her vagina, and, on another occasion, forcefully attempted to pull her onto his lap, hurting her wrist in the process. She testified to a third occasion when petitioner, after seeing her in civilian clothing told her, "if you keep dressing like that, I'm going to have you sit on my face." She also stated that she kept an account of petitioner's offensive comments and actions in a calendar that she kept in her coat, but that the pages concerning petitioner had been removed by someone after she left her coat at work. Both deputies testified that they avoided petitioner and did not report the incidents for many years because they were afraid of retaliation and retribution from petitioner. Although petitioner asserts that the credibility determinations made by the Hearing Officer and the Sheriff were flawed, credibility determinations are within the province of the Hearing Officer and are entitled to deference (see Matter of Shanahan v Justice Ctr. for the Protection of People with Special Needs, 198 AD3d 1157, 1160 [3d Dept 2021]; Matter of Nygard v County of Warren, 79 AD3d 1354, 1356 [3d Dept 2010]). Accordingly, substantial evidence supports each of the charges for which petitioner was ultimately found guilty (see Matter of Salatel v New York State Police, 98 AD3d 1214, 1216 [3d Dept 2012]; Matter of Bayer v New York State Dept. of Labor, 28 AD3d 865, 867 [3d Dept 2006]; Matter of Wade v Town of Ticonderoga Town Bd., 256 AD2d 860, 861 [3d Dept 1998], lv denied 93 NY2d 804 [1999]).
Petitioner's challenge to the penalty of termination of his employment as excessive is unavailing. "In evaluating whether the penalty imposed is excessive, this Court must consider whether, in light of all the relevant circumstances, the penalty is so disproportionate to the charged offenses as to shock one's sense of fairness" (Matter of Scuderi-Hunter v County of Delaware, 202 AD3d at 1317 [internal quotation marks, brackets and citations omitted]). We recognize that petitioner worked for respondents for nearly 25 years with no prior disciplinary issues and that he submitted 15 letters by individuals acclaiming their belief in his good character. However, "sexual harassment in the work[ ]place is among the most offensive and demeaning torments an employee can undergo" (Matter of Oare v Coughlin, 133 AD2d 943, 946 [3d Dept 1987] [internal quotation marks, brackets and citation omitted], lv denied 70 NY2d 615 [1988]). Given that the record establishes numerous incidents of sexual harassment by petitioner, "we cannot conclude that the penalty of termination was so disproportionate [*3]to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" (Matter of Blamah v New York Off. of the State Comptroller, 207 AD3d at 911 [internal quotation marks and citations omitted]; see Matter of Scuderi-Hunter v County of Delaware, 202 AD3d at 1318).
Clark, J.P., Aarons, Pritzker and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs.

Footnotes

Footnote 1: Although petitioner contends that one of the deputies lodged her complaint in response to an unrelated dispute and that the investigation of the complaints biased the hearing, these matters are unpreserved as petitioner failed to raise an objection or cross-examine the witnesses as to these issues at his disciplinary hearing (see Matter of Wales v City of Saratoga Springs, 200 AD3d 1262, 1263 [3d Dept 2021]; Matter of Shanahan v Justice Ctr. for the Protection of People with Special Needs,198 AD3d 1157, 1160 [3d Dept 2021]).